TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00651-CR







Hermalando Ulloa Lopez, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT


NO. 7779, HONORABLE CHARLES J. HEARN, JUDGE PRESIDING







 This is an appeal from a conviction for delivery of a controlled substance and engaging in 
organized criminal activity. Tex. Penal Code Ann. § 71.02(a)(5) (West Supp. 1997). The jury found
appellant, Hermalando Ulloa Lopez, guilty and the trial court assessed punishment at thirty years in the
Institutional Division of the Texas Department of Criminal Justice.

 Appellant brings five points of error. He contends the trial court erred by accepting a jury
verdict of guilty when there was insufficient evidence, denying his plea of former jeopardy, and denying his
Batson challenge to the State's strike of an African-American veniremember. He also claims that he was
denied effective assistance of counsel. We will reverse the trial court's judgment and remand the cause for
a new trial.




BACKGROUND

 A grand jury indicted appellant of conspiring with six individuals to deliver marihuana (200
pounds or less but more than 50 pounds) with intent to establish, maintain, and participate in a combination
and the profits of a combination. Appellant and two co-defendants were tried together by a jury in Burnet
County. After voir dire, but before the jury was impaneled, appellant lodged a Batson objection contending
the State excluded the only African-American veniremember on the basis of race. The State responded
it used a peremptory strike against this potential juror based on the recommendation of law enforcement
officers. The State did not elaborate on the information it received. The trial court then denied appellant's
motion to select a new jury venire or disallow the State's peremptory strike of the challenged juror. The
jury found the appellant guilty. Appellant now brings this appeal. 


DISCUSSION

 We first consider appellant's fourth point of error. Appellant complains the trial court erred
by denying his Batson challenge to the State's peremptory strike of the only African-American on the jury
panel. Appellant argues that the prosecutor used this strike in a racially discriminatory manner, excluding
the African-American veniremember from service on the jury because of his race. Excluding
veniremembers from jury service because of race violates the Equal Protection Clause of the Fourteenth
Amendment to the United States Constitution. U.S. Const. amend. XIV; Batson v. Kentucky, 476 U.S.
79 (1986).

 The Texas Court of Criminal Appeals has outlined the applicable burden of proof in a
Batson challenge: 


Initially, the defendant must establish a prima facie showing that the State exercised its
peremptory challenges on a basis of race. The burden then shifts to the State to articulate
race-neutral explanations for its questioned strikes; the defendant may rebut these
explanations. Finally, the trial court must determine whether the defendant has carried his
burden of proving purposeful racial discrimination by the State.



Chambers v. State, 866 S.W.2d 9, 23 (Tex. Crim. App. 1993), cert. denied, 114 S. Ct. 1871 (1994)
(citing Batson).

 As described above, the analysis used to test a Batson challenge consists of three steps. 
First, the defendant must establish a prima facie showing of discrimination by the State against eligible
veniremembers. To make such a case, the defendant must show that relevant circumstances raise an
inference that the State made a race-based peremptory strike. Linscomb v. State, 829 S.W.2d 164, 165
(Tex. Crim. App. 1992). All that is needed to support a rational inference is a "minimum quantum of
evidence." Cook v. State, 858 S.W.2d 467, 472 (Tex. Crim. App. 1993) (quoting Tompkins v. State,
774 S.W.2d 195, 201 (Tex. Crim. App. 1987)). Accordingly, the burden of establishing a prima facie
case is not onerous. Rousseau v. State, 824 S.W.2d 579, 584 (Tex. Crim. App. 1992), cert. denied,
510 U.S. 919 (1993). 

 Second, if a prima facie case is made, the State then has the burden to come forward with
a race-neutral reason for exercising the strike. See Lewis v. State, 815 S.W.2d 560, 563 (Tex. Crim.
App. 1991), cert. denied, 503 U.S. 920 (1992). A prosecutor's explanation must be "clear and
reasonably specific" and contain "legitimate reasons" for the strike that are related to the case being tried
at the moment. Williams v. State, 804 S.W.2d 95, 106 (Tex. Crim. App.), cert. denied, 501 U.S. 1239
(1991).

 Finally, once the State offers a neutral explanation, the burden shifts back to the defendant
to persuade the trial court that the State's purported reasons for its peremptory strikes are mere pretext
and are in fact racially motivated. See Lewis, 815 S.W.2d at 563-64. The court of criminal appeals has
provided a list of factors for the trial court to consider in each step of the Batson analysis. See Keeton v.
State, 749 S.W.2d 861, 866-868 (Tex. Crim. App. 1988).

 On appeal of a Batson challenge, this Court must apply a "clear error" standard of review. 
See Hernandez v. New York, 500 U.S. 352, 364-65 (1991). In applying this standard, we must review
all of the evidence in the light most favorable to the district court's ruling and then determine if the ruling was
clearly erroneous. See Williams, 804 S.W.2d at 101. If, after reviewing all the evidence, we cannot say
that the district court's ruling was clearly erroneous, we must uphold the district court's ruling even if this
Court would have weighed the evidence differently had we been sitting as the trier of fact. See Anderson
v. Bessemer City, 470 U.S. 564, 573-74 (1985).

 In the instant case, a factual issue of deliberate exclusion was fairly raised by the evidence
when the State exercised a peremptory challenge against the only African-American member of the jury
panel. See Salazar v. State, 795 S.W.2d 187, 193 (Tex. Crim. App. 1990) (striking the only Hispanic
veniremember constitutes a prima facie case). The State's use of peremptory challenges to dismiss all or
most black jurors is illustrative of the type of evidence that can be used to raise the inference of
discrimination. See Keeton, 749 S.W.2d at 867. (1) The State did not ask any questions of or receive any
answers from the excluded juror about issues raised during voir dire. The type and manner of questions
directed to the challenged juror, including a lack of questions, can also be considered evidence leading to
an inference of discrimination. See Keeton, 749 S.W.2d at 867. Because appellant satisfied the first step
of a Batson challenge by establishing a prima facie case of discrimination, it then became the State's burden
to come forward with a race neutral reason for the strike. (2) In our review, we are focused on the State's
explanation. (3)

 Without expressly ruling on whether the appellant had met his burden of establishing a prima
facie case, the trial judge asked the State if it wanted to respond to appellant's Batson challenge. The
prosecutor stated that the strike was based on information provided by law enforcement officers who
commented that this panel member would not make a good juror. Appellant responded that the State's
explanation was not a valid answer. After a brief exchange between the State and appellant about the
racial composition of law enforcement officers in Burnet County, the trial court denied appellant's motion. (4)

 We agree with appellant that the State failed to meet its burden of providing a race-neutral
reason for striking the only African-American from the jury panel. The State did not present any evidence
that could be used to overcome the presumption of discrimination and show neutrality. See Keeton, 749
S.W.2d at 868. The State's only response was that its strike was based on information provided by law
enforcement officers. Merely identifying the source of the information did not provide the district court with
a legitimate, race-neutral reason for the State's strike. The law enforcement officers may have had racially
motivated reasons or race-neutral reasons for advising the State to exclude the African-American jury
panelist. From this record, we cannot tell. The State could have met its burden by establishing that the
officers' reasons were race-neutral. Although the State offered to provide this information, it never did. (5) 
Accordingly, the State gave no race-neutral reason for its strike and, therefore, failed to meet its burden.
We hold that the district court's implied conclusion that the State's peremptory challenge was exercised
for race-neutral reasons is clearly erroneous because it is not supported by the record. We sustain
appellant's fourth point of error. 


CONCLUSION

 Because the exclusion of even one member from the jury panel for racial reasons denies
due process in the jury selection process, appellant is entitled to a new trial. See Whitsey v. State, 796
S.W.2d 707, 716 (Tex. Crim. App. 1989). Accordingly, appellant's Batson challenge is dispositive of
this appeal and we need not address appellant's remaining points of error. Having sustained appellant's
fourth point of error, we reverse the trial court's judgment and remand the cause for a new trial.



 

 Mack Kidd, Justice

Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Reversed and Remanded

Filed: February 27, 1997

Publish

1. It is unnecessary for a defendant to share the same race as the excluded juror. See Powers v. Ohio,
499 U.S. 400, 402 (1991). Accordingly, it is irrelevant that appellant is not African-American. 
2. In oral argument before this Court, the State conceded appellant's prima facie case.
3. Once the prosecutor has articulated reasons for the contested peremptory strike and the trial judge
has ruled on the ultimate question of intentional discrimination, it is the explanation and not the prima facie
showing that is to be reviewed by the appellate court. See Malone v. State, 919 S.W.2d 410, 412 (Tex.
Crim. App. 1996).
4. Appellant stated that the law enforcement officers in Burnet County are "all white." 
5. The record shows that the prosecutor offered to call "Mr. Mellon" to explain the reasons why the
excluded juror should not serve in this particular case. Mr. Mellon was not identified. Had the State made
an offer of proof as to what law enforcement officers' reasons were for striking the panelist, we may have
been able to find that the State met its burden. 

 Without expressly ruling on whether the appellant had met his burden of establishing a prima
facie case, the trial judge asked the State if it wanted to respond to appellant's Batson challenge. The
prosecutor stated that the strike was based on information provided by law enforcement officers who
commented that this panel member would not make a good juror. Appellant responded that the State's
explanation was not a valid answer. After a brief exchange between the State and appellant about the
racial composition of law enforcement officers in Burnet County, the trial court denied appellant's motion. (4)

 We agree with appellant that the State failed to meet its burden of providing a race-neutral
reason for striking the only African-American from the jury panel. The State did not present any evidence
that could be used to overcome the presumption of discrimination and show neutrality. See Keeton, 749
S.W.2d at 868. The State's only response was that its strike was based on information provided by law
enforcement officers. Merely identifying the source of the information did not provide the district court with
a legitimate, race-neutral reason for the State's strike. The law enforcement officers may have had racially
motivated reasons or race-neutral reasons for advising the State to exclude the African-American jury
panelist. From this record, we cannot tell. The State could have met its burden by establishing that the
officers' reasons were race-neutral. Although the State offered to provide this information, it never did. (5) 
Accordingly, the State gave no race-neutral reason for its strike and, therefore, failed to meet its burden.
We hold that the district court's implied conclusion that the State's peremptory challenge was exercised
for race-neutral reasons is clearly erroneous because it is not supported by the record. We sustain
appellant's fourth point of error. 


CONCLUSION

 Because the exclusion of even one member from the jury panel for racial reasons denies
due process in the jury selection process, appellant is entitled to a new trial. See Whitsey v. State, 796
S.W.2d 707, 716 (Tex. Crim. App. 1989). Accordingly, appellant's Batson challenge is dispositive of
this appeal and we need not address appellant's remaining points of error. Having sustained appellant's
fourth point of error, we reverse the trial court's judgment and remand the cause for a new trial.



 

 Mack Kidd, Justice

Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Reversed and Remanded

Filed: February 27, 1997

Publish

1. It is unnecessary for a defendant to share the same race as the excluded juror. See Powers v. Ohio,
499 U.S. 400, 402 (1991). Accordingly, it is irrelevant that appellant is not African-American. 
2. In oral argument before this Court, the State conceded appellant's prima facie case.
3. Once the prosecutor has articulated reasons for the contested peremptory strike and the trial judge
has ruled on the ultimate question of intentional discrimination, it is the explanation and not the prima facie
showing that is to be reviewed by the appellate court. See Malone v. State,