# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00230-CR

**Israel Henderson, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT NO. 1010838, HONORABLE JULIE H. KOCUREK, JUDGE PRESIDING

A jury found appellant Israel Henderson guilty of aggravated sexual assault and assessed punishment, enhanced by a previous felony conviction, at imprisonment for fifty-eight years. *See* Tex. Pen. Code Ann. § 22.021 (West Supp. 2002). By two points of error, appellant asserts *Batson* error and contends the evidence is factually insufficient to sustain the conviction. We will overrule these contentions and affirm the conviction.

A factual sufficiency review asks whether a neutral review of all the evidence, both for and against the finding of guilt, demonstrates that the proof of guilt is so obviously weak or so greatly outweighed by contrary proof as to undermine confidence in the jury's determination. *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). A verdict may be set aside only if a finding of guilt beyond a reasonable doubt is clearly wrong and unjust. *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); *Stone v. State*, 823 S.W.2d 375, 381 (Tex. App.—Austin 1992, pet. ref'd untimely filed).

Appellant's sufficiency point is limited to the issue of penetration. The indictment alleged and the jury found that appellant penetrated the complainant's female sexual organ with his penis. In this regard, the complainant testified, "I did not feel actual penetration. I was not conscious of that, but I do recall him being inside me. I could feel him pushing up into me. I could feel the motions." Appellant also refers us to evidence that while the assailant did not use a condom, DNA testing proved that he was not the donor of semen found in the complainant's body.[1] Other testimony relevant to the penetration issue came from the sexual assault nurse who examined the complainant after the attack. This witness testified that the complainant "had redness on the inside of her – between her labia majora and minora on the inside on both sides and an abrasion . . . ." The nurse also noticed a bruise near the complainant's anus that indicated a forced penetration or attempted penetration.

Having reviewed the relevant evidence in a neutral light, we hold that the jury's finding that appellant penetrated the complainant as alleged was not wrong or manifestly unjust. *See Johnson*, 23 S.W.3d at 9. Point of error two is overruled.

In his first point of error, appellant accuses the State of racial discrimination in the use of its peremptory strikes. The State may not strike jury panelists in a purposefully and inappropriately discriminatory manner. Tex. Code Crim. Proc. Ann. art. 35.261 (West 1989); *Batson v. Kentucky*, 476 U.S. 79, 88-89 (1986). The analysis used to test a *Batson* challenge consists of three steps. First, the defendant must make a prima facie showing of relevant circumstances that raise an inference

---

[1] The complainant testified that she had sexual intercourse with her boyfriend on the day of the assault, and that he did not use a condom. She did not know whether appellant ejaculated.

2

that the State made a race-based strike against an eligible panelist. *Mandujano v. State*, 966 S.W.2d 816, 818 (Tex. App.—Austin 1998, pet. ref'd). Next, if a prima facie case is made, the State must come forward with a race-neutral reason for the strike. *Id*. The prosecutor's explanation must be clear and reasonably specific, and must contain legitimate reasons for the strike related to the case being tried. *Id*. Finally, once the State offers a race-neutral explanation, the burden shifts back to the defendant to persuade the trial court that the State's purported reasons for its peremptory strike are mere pretext and are in fact racially motivated. *Id*.; *Lopez v. State*, 940 S.W.2d 388, 389-90 (Tex. App.—Austin 1997), *pet. ref'd*, 954 S.W.2d 774 (Tex. Crim. App. 1997) (McCormick, P.J., dissenting to refusal of State's petition); *see also Purkett v. Elem*, 514 U.S. 765, 767 (1995); *Hernandez v. New York*, 500 U.S. 352, 359-60 (1991).

When, as in this cause, the prosecutor articulated a reason for the contested strike and the trial court ruled on the ultimate question of intentional discrimination, it is the explanation and not the prima facie showing that we review on appeal. *Malone v. State*, 919 S.W.2d 410, 412 (Tex. Crim. App. 1996). We review the court's decision for "clear error." *Lopez*, 940 S.W.2d at 390 (citing *Hernandez*, 500 U.S. at 364-65). To conclude that the trial court's decision was clearly erroneous, we must have a "definite and firm conviction that a mistake has been committed" after reviewing all of the evidence in the light most favorable to the ruling. *Vargas v. State*, 838 S.W.2d 552, 554 (Tex. Crim. App. 1992). If we cannot say that the trial court's ruling was clearly erroneous, we must uphold the ruling even if we would have weighed the evidence differently as the trier of fact. *Lopez*, 940 S.W.2d at 390 n.2.

The record reflects that after challenges for cause were granted, three African-Americans remained in the strike zone. The State used peremptory strikes against two of the three; the third served on the trial jury. Although appellant objected at trial to both peremptory strikes, he now concedes that one of the strikes was race-neutral. He urges, however, that the State's stated, ostensibly race-neutral reason for striking panelist Bennie Lee is rebutted by the record.

During the State's voir dire of the jury panel as a group, many of the panelists indicated that they would have some degree of difficulty convicting a defendant on the basis of a single witness's testimony, even if they believed beyond a reasonable doubt that the witness was truthful. Lee was one of these panelists, and his responses to the "one witness" questioning were cited by the prosecutor as the reason for striking him. Appellant argues that the State did not strike other, white panelists who indicated a reluctance to convict on a single witness's testimony, and urges that this disparate treatment of Lee and similarly situated white panelists rebuts the State's claim of race neutrality. *See Keeton v. State*, 749 S.W.2d 861, 866 (Tex. Crim. App. 1988).

The record with respect to disparate treatment of the panelists is not as clear-cut as appellant would have it. The State used peremptory strikes against seven of the panelists (including Lee) who initially indicated that they had a "one witness" problem. Five of these panelists were white. Another eight of these panelists, including one African-American, were not struck and eventually served on the jury. Most importantly, the record reflects that Lee's position on the "one witness" issue was unique among the panelists.

4

Lee was one of several panelists questioned individually at the conclusion of voir dire. The prosecutor, defense counsel, and the court each asked Lee variations on the question of whether he could return a verdict of guilty if there were only one witness to the crime, assuming that he believed that witness beyond a reasonable doubt. To these questions, Lee replied, "I don't think I could," "I just couldn't just take one person," and "I wouldn't be able to." Defense counsel and the court pursued the matter, and Lee ultimately reformed himself by stating that he could vote to convict if he were "really convinced" by the State's one witness. On the basis of this answer, the court denied the State's challenge for cause.

Later, in response to appellant's *Batson* objection, the prosecutor explained that he peremptorily struck Lee because of "the waffling that he had with the one witness going back and forth." The prosecutor added, "He was called to the bench, and extreme, extreme difficulty in answering that question." In other words, the State did not strike Lee on the basis of his initial response to the "one witness" question, but on the basis of his later, ambiguous responses when questioned more thoroughly. Appellant does not refer us to another witness whose position on the "one witness" issue was comparable to Lee's, and our review of the record does not disclose one.[2] We cannot state on the basis of the record before us that the district court was clearly wrong to accept the State's race-neutral explanation of the peremptory strike of panelist Lee. Point of error one is overruled.

---

[2] Of the panelists who were questioned individually, two others had initially indicated that they would prefer to hear more than one witness before convicting. One of these panelists persisted in this view, and the State's challenge for cause was granted. The other panelist had apparently misunderstood the original question and indicated that he would have no problem voting to convict. The State peremptorily struck him nevertheless.

The judgment of conviction is affirmed.

_____

David Puryear, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Puryear

Affirmed

Filed:   February 7, 2002

Do Not Publish