TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-01-00230-CR







Israel Henderson, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT


NO. 1010838, HONORABLE JULIE H. KOCUREK, JUDGE PRESIDING







A jury found appellant Israel Henderson guilty of aggravated sexual assault and
assessed punishment, enhanced by a previous felony conviction, at imprisonment for fifty-eight
years. See Tex. Pen. Code Ann. § 22.021 (West Supp. 2002). By two points of error, appellant
asserts Batson error and contends the evidence is factually insufficient to sustain the conviction. We
will overrule these contentions and affirm the conviction.

A factual sufficiency review asks whether a neutral review of all the evidence, both
for and against the finding of guilt, demonstrates that the proof of guilt is so obviously weak or so
greatly outweighed by contrary proof as to undermine confidence in the jury's determination. 
Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). A verdict may be set aside only if a
finding of guilt beyond a reasonable doubt is clearly wrong and unjust. Clewis v. State, 922 S.W.2d
126, 129 (Tex. Crim. App. 1996); Stone v. State, 823 S.W.2d 375, 381 (Tex. App.--Austin 1992,
pet. ref'd untimely filed). 

Appellant's sufficiency point is limited to the issue of penetration. The indictment
alleged and the jury found that appellant penetrated the complainant's female sexual organ with his
penis. In this regard, the complainant testified, "I did not feel actual penetration. I was not
conscious of that, but I do recall him being inside me. I could feel him pushing up into me. I could
feel the motions." Appellant also refers us to evidence that while the assailant did not use a condom,
DNA testing proved that he was not the donor of semen found in the complainant's body. (1) Other
testimony relevant to the penetration issue came from the sexual assault nurse who examined the
complainant after the attack. This witness testified that the complainant "had redness on the inside
of her - between her labia majora and minora on the inside on both sides and an abrasion . . . ." The
nurse also noticed a bruise near the complainant's anus that indicated a forced penetration or
attempted penetration.

Having reviewed the relevant evidence in a neutral light, we hold that the jury's
finding that appellant penetrated the complainant as alleged was not wrong or manifestly unjust. See
Johnson, 23 S.W.3d at 9. Point of error two is overruled.

In his first point of error, appellant accuses the State of racial discrimination in the
use of its peremptory strikes. The State may not strike jury panelists in a purposefully and
inappropriately discriminatory manner. Tex. Code Crim. Proc. Ann. art. 35.261 (West 1989); Batson
v. Kentucky, 476 U.S. 79, 88-89 (1986). The analysis used to test a Batson challenge consists of
three steps. First, the defendant must make a prima facie showing of relevant circumstances that
raise an inference that the State made a race-based strike against an eligible panelist. Mandujano
v. State, 966 S.W.2d 816, 818 (Tex. App.--Austin 1998, pet. ref'd). Next, if a prima facie case is
made, the State must come forward with a race-neutral reason for the strike. Id. The prosecutor's
explanation must be clear and reasonably specific, and must contain legitimate reasons for the strike
related to the case being tried. Id. Finally, once the State offers a race-neutral explanation, the
burden shifts back to the defendant to persuade the trial court that the State's purported reasons for
its peremptory strike are mere pretext and are in fact racially motivated. Id.; Lopez v. State, 940
S.W.2d 388, 389-90 (Tex. App.--Austin 1997), pet. ref'd, 954 S.W.2d 774 (Tex. Crim. App. 1997)
(McCormick, P.J., dissenting to refusal of State's petition); see also Purkett v. Elem, 514 U.S. 765,
767 (1995); Hernandez v. New York, 500 U.S. 352, 359-60 (1991).

When, as in this cause, the prosecutor articulated a reason for the contested strike
and the trial court ruled on the ultimate question of intentional discrimination, it is the explanation
and not the prima facie showing that we review on appeal. Malone v. State, 919 S.W.2d 410, 412
(Tex. Crim. App. 1996). We review the court's decision for "clear error." Lopez, 940 S.W.2d at
390 (citing Hernandez, 500 U.S. at 364-65). To conclude that the trial court's decision was clearly
erroneous, we must have a "definite and firm conviction that a mistake has been committed" after
reviewing all of the evidence in the light most favorable to the ruling. Vargas v. State, 838 S.W.2d
552, 554 (Tex. Crim. App. 1992). If we cannot say that the trial court's ruling was clearly erroneous,
we must uphold the ruling even if we would have weighed the evidence differently as the trier of
fact. Lopez, 940 S.W.2d at 390 n.2.

The record reflects that after challenges for cause were granted, three African-Americans remained in the strike zone. The State used peremptory strikes against two of the three;
the third served on the trial jury. Although appellant objected at trial to both peremptory strikes, he
now concedes that one of the strikes was race-neutral. He urges, however, that the State's stated,
ostensibly race-neutral reason for striking panelist Bennie Lee is rebutted by the record.

During the State's voir dire of the jury panel as a group, many of the panelists
indicated that they would have some degree of difficulty convicting a defendant on the basis of a
single witness's testimony, even if they believed beyond a reasonable doubt that the witness was
truthful. Lee was one of these panelists, and his responses to the "one witness" questioning were
cited by the prosecutor as the reason for striking him. Appellant argues that the State did not strike
other, white panelists who indicated a reluctance to convict on a single witness's testimony, and
urges that this disparate treatment of Lee and similarly situated white panelists rebuts the State's
claim of race neutrality. See Keeton v. State, 749 S.W.2d 861, 866 (Tex. Crim. App. 1988).

The record with respect to disparate treatment of the panelists is not as clear-cut as
appellant would have it. The State used peremptory strikes against seven of the panelists (including
Lee) who initially indicated that they had a "one witness" problem. Five of these panelists were
white. Another eight of these panelists, including one African-American, were not struck and
eventually served on the jury. Most importantly, the record reflects that Lee's position on the "one
witness" issue was unique among the panelists.


Lee was one of several panelists questioned individually at the conclusion of voir dire. 
The prosecutor, defense counsel, and the court each asked Lee variations on the question of whether
he could return a verdict of guilty if there were only one witness to the crime, assuming that he
believed that witness beyond a reasonable doubt. To these questions, Lee replied, "I don't think I
could," "I just couldn't just take one person," and "I wouldn't be able to." Defense counsel and the
court pursued the matter, and Lee ultimately reformed himself by stating that he could vote to
convict if he were "really convinced" by the State's one witness. On the basis of this answer, the
court denied the State's challenge for cause. 

Later, in response to appellant's Batson objection, the prosecutor explained that he
peremptorily struck Lee because of "the waffling that he had with the one witness going back and
forth." The prosecutor added, "He was called to the bench, and extreme, extreme difficulty in
answering that question." In other words, the State did not strike Lee on the basis of his initial
response to the "one witness" question, but on the basis of his later, ambiguous responses when
questioned more thoroughly. Appellant does not refer us to another witness whose position on the
"one witness" issue was comparable to Lee's, and our review of the record does not disclose one. (2) 
We cannot state on the basis of the record before us that the district court was clearly wrong to accept
the State's race-neutral explanation of the peremptory strike of panelist Lee. Point of error one is
overruled.

The judgment of conviction is affirmed.



 

 David Puryear, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Puryear

Affirmed

Filed: February 7, 2002

Do Not Publish
1. The complainant testified that she had sexual intercourse with her boyfriend on the day of
the assault, and that he did not use a condom. She did not know whether appellant ejaculated.
2. Of the panelists who were questioned individually, two others had initially indicated that
they would prefer to hear more than one witness before convicting. One of these panelists
persisted in this view, and the State's challenge for cause was granted. The other panelist had
apparently misunderstood the original question and indicated that he would have no problem
voting to convict. The State peremptorily struck him nevertheless.