TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00330-CR






Wanda Anderson, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 9014243, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



A jury found appellant Wanda Anderson guilty of aggravated robbery. Tex. Pen.
Code Ann. § 29.03 (West 2003). The district court assessed punishment, enhanced by a previous
felony conviction, at imprisonment for twenty years. In four points of error, appellant contends the
State improperly challenged a prospective juror on the basis of race and erroneously commented on
her post-arrest silence, and that she did not receive effective assistance of counsel. We will overrule
these contentions and affirm the conviction.

The complainant, Heidi Nun, was walking to her car in the parking lot of her
apartment complex when appellant approached her, brandished a knife with a six-inch blade, and
demanded "everything you have." Appellant stole Nun's backpack (which contained her running
clothes and a portable tape player) and satchel (which contained her day planner, wallet, checkbook,
and glasses). As appellant was rummaging through Nun's belongings, Nun got into her car, locked
the doors, and drove to a friend's house. There, she called the police and reported the robbery. Nun
testified that she was in fear of her life during the incident. About two weeks later, some of Nun's
property was found in appellant's car after she was stopped for a traffic offense.

In point of error one, appellant contends the State used a peremptory strike for the
purpose of excluding an African-American panelist from the jury. See Tex. Code Crim. Proc. Ann.
art. 35.261 (West 1989); Batson v. Kentucky, 476 U.S. 79, 88-89 (1986). After appellant raised this
issue at the conclusion of voir dire, the prosecutor gave three reasons for striking the panelist: (1)
she had a medical condition that might prevent her from giving full attention to the case, (2) she
indicated she might have difficulty accepting the testimony of a single eyewitness, and (3) she had
had an unpleasant experience with a police officer. Finding these to be race-neutral reasons for
striking the panelist, the district court overruled appellant's Batson objection. See Mandujano v.
State, 966 S.W.2d 816, 818 (Tex. App.--Austin 1998, pet. ref'd) (detailing three-step Batson
process). We review the court's ruling for clear error. Lopez v. State, 940 S.W.2d 388, 389-90 (Tex.
App.--Austin), pet. ref'd, 954 S.W.2d 774 (Tex. Crim. App. 1997).

During voir dire, the panelist in question told the prosecutor that she had been stopped
and harassed by a police officer, and that she believed that the officer had acted as he did because
she was black. She also expressed some reluctance to find a person guilty beyond a reasonable doubt
based on the testimony of a single eyewitness, although she later said she could follow the law. 
Finally, the panelist told the court at the bench that she had a circulatory problem in her leg that
prevented her from sitting for long periods of time. The court assured her that she would be
accommodated if she were selected.

Appellant argues that the prosecutor's professed concern for the panelist's medical
condition was groundless because the matter was resolved during her conversation with the court. 
Appellant also argues that the prosecutor had no basis for challenging the panelist because of her
inability to convict on the testimony of a single witness because she indicated that she could follow
the law. These arguments are not persuasive. Peremptory challenges exist to allow the parties to
strike potential jurors who, while not disqualified or subject to challenge for cause, are for some
reason deemed unsuitable by the challenging party. Unless racially discriminatory intent is inherent
in the State's explanation, the reason offered will be deemed race-neutral. Ford v. State, 1 S.W.3d
691, 693-94 (Tex. Crim. App. 1999) (citing Purkett v. Elem, 514 U.S. 765, 769-70 (1995)).

Appellant argues that race was inherent in the State's third reason for striking the
panelist because the panelist believed she had been harassed by a police officer due to her race. But
the prosecutor's explanation for the strike was focused on the panelist's experience, not on the
panelist's race. That the panelist attributed the alleged police mistreatment to the officer's racial
animus did not render the prosecutor's peremptory challenge racially discriminatory. 

Having reviewed the prosecutor's stated reasons for striking the panelist in light of
the record, we do not have a firm conviction that the district court's ruling was erroneous. See
Vargas v. State, 838 S.W.2d 552, 554 (Tex. Crim. App. 1992) (defining "clear error"). Point of error
one is overruled.

In her second and third points of error, appellant urges that her post-arrest silence was
used against her in violation of her federal and state constitutional rights. See Doyle v. Ohio, 426
U.S. 610, 618 (1976); Sanchez v. State, 707 S.W.2d 575, 577 (Tex. Crim. App. 1986). Appellant
testified on her own behalf. She explained her possession of property stolen from the complainant
by saying she had found it in a dumpster. During cross-examination, the prosecutor established that
appellant did not give this explanation to the police following her arrest. Appellant's failure to tell
the police her exculpatory story to the police was later commented upon during the State's jury
argument. Because appellant did not object to either the cross-examination or the jury argument, no
error was preserved for review. See Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996);
Banda v. State, 890 S.W.2d 42, 62 (Tex. Crim. App. 1994). Points of error two and three are
overruled.

In her last point of error, appellant contends she did not receive effective assistance
of counsel at her trial. To prevail on this claim, appellant must show by a preponderance of the
evidence that: (1) counsel made such serious errors that he was not functioning effectively as counsel
and (2) these errors prejudiced the appellant's defense to such a degree that she was deprived of a
fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984); Hernandez v. State, 988 S.W.2d 770,
771-72 (Tex. Crim. App. 1999); Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). 
We must indulge a strong presumption that counsel's conduct fell within the wide range of
reasonable professional assistance. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). 
To overcome this presumption, an allegation of ineffectiveness must be firmly founded in the record
and the record must affirmatively demonstrate the alleged ineffectiveness. Mallett v. State, 65
S.W.3d 59, 63 (Tex. Crim. App. 2001). Appellant points to six instances in which her trial counsel
failed to object to testimony she now claims was inadmissible. We will briefly discuss each incident.

Appellant urges that her attorney should have objected to hearsay testimony by
Officer Roger Bailey. Bailey interviewed the complainant at her friend's house shortly after she
reported the robbery. He recounted Nun's description of the crime and of the robber. This
conversation took place within a half-hour of the offense. Nun testified that she was crying and
shaking as she drove to her friend's house. On this record, the testimony appears to have been
admissible under the hearsay exception for excited utterances. Tex. R. Evid. 803(2).

Appellant asserts that her attorney should have objected to Nun's testimony regarding
her emotional state after the robbery as being irrelevant. The testimony was, however, relevant to
prove the allegation that appellant placed the complainant in fear of imminent bodily injury or death.

Appellant complains that her attorney failed to object when the State improperly
bolstered Nun's testimony with testimony by her friend, who corroborated Nun's account of her
actions and statements following the robbery. The rules of evidence do not mandate the exclusion
of relevant evidence simply because it corroborates testimony of an earlier witness. Cohn v. State,
849 S.W.2d 817, 820 (Tex. Crim. App. 1993). Indeed, "bolstering" may no longer be a proper
objection under the rules. Id. at 821 (Campbell, J., concurring).

Appellant contends her attorney failed to object to "back-door hearsay." Officer Mike
Williams, who investigated the robbery, testified that he was informed of the discovery of the stolen
property by the police officer who stopped appellant for a traffic offense. Contrary to appellant's
contention, this testimony was not an attempt to convey the substance of the traffic officer's out-of-court statement or statements to Williams, but rather a description of facts Williams learned during
the course of the investigation. We find no basis for a hearsay objection. Appellant further argues
that Williams's testimony was objectionable because it bolstered the testimony of the traffic officer. 
Our previous discussion of bolstering applies here, as well.

Finally, appellant urges that her attorney should have objected to the State's use of
her post-arrest silence, as discussed in points of error two and three. Although this objection was
not made, counsel did seek to address the issue in his jury argument. He suggested that appellant
did not immediately explain her possession of the stolen property because she was scared of the
police and knew that they would not believe her because of her criminal record. On this record, we
cannot say that appellant has overcome the presumption of reasonably effective assistance by
showing this one arguable mistake by counsel.

For the reasons stated, we conclude that appellant has failed to demonstrate that her
attorney's representation was outside the wide range of reasonable professional assistance. Point of
error four is overruled.

The judgment of conviction is affirmed.



 __________________________________________

 David Puryear, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed: May 30, 2003

Do Not Publish