# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00330-CR

**Wanda Anderson, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT
### NO. 9014243, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Wanda Anderson guilty of aggravated robbery. Tex. Pen. Code Ann. § 29.03 (West 2003). The district court assessed punishment, enhanced by a previous felony conviction, at imprisonment for twenty years. In four points of error, appellant contends the State improperly challenged a prospective juror on the basis of race and erroneously commented on her post-arrest silence, and that she did not receive effective assistance of counsel. We will overrule these contentions and affirm the conviction.

The complainant, Heidi Nun, was walking to her car in the parking lot of her apartment complex when appellant approached her, brandished a knife with a six-inch blade, and demanded "everything you have." Appellant stole Nun's backpack (which contained her running clothes and a portable tape player) and satchel (which contained her day planner, wallet, checkbook, and glasses). As appellant was rummaging through Nun's belongings, Nun got into her car, locked

the doors, and drove to a friend's house. There, she called the police and reported the robbery. Nun testified that she was in fear of her life during the incident. About two weeks later, some of Nun's property was found in appellant's car after she was stopped for a traffic offense.

In point of error one, appellant contends the State used a peremptory strike for the purpose of excluding an African-American panelist from the jury. *See* Tex. Code Crim. Proc. Ann. art. 35.261 (West 1989); *Batson v. Kentucky*, 476 U.S. 79, 88-89 (1986). After appellant raised this issue at the conclusion of voir dire, the prosecutor gave three reasons for striking the panelist: (1) she had a medical condition that might prevent her from giving full attention to the case, (2) she indicated she might have difficulty accepting the testimony of a single eyewitness, and (3) she had had an unpleasant experience with a police officer. Finding these to be race-neutral reasons for striking the panelist, the district court overruled appellant's *Batson* objection. *See Mandujano v. State*, 966 S.W.2d 816, 818 (Tex. App.—Austin 1998, pet. ref'd) (detailing three-step *Batson* process). We review the court's ruling for clear error. *Lopez v. State*, 940 S.W.2d 388, 389-90 (Tex. App.—Austin), *pet. ref'd*, 954 S.W.2d 774 (Tex. Crim. App. 1997).

During voir dire, the panelist in question told the prosecutor that she had been stopped and harassed by a police officer, and that she believed that the officer had acted as he did because she was black. She also expressed some reluctance to find a person guilty beyond a reasonable doubt based on the testimony of a single eyewitness, although she later said she could follow the law. Finally, the panelist told the court at the bench that she had a circulatory problem in her leg that prevented her from sitting for long periods of time. The court assured her that she would be accommodated if she were selected.

2

Appellant argues that the prosecutor's professed concern for the panelist's medical condition was groundless because the matter was resolved during her conversation with the court. Appellant also argues that the prosecutor had no basis for challenging the panelist because of her inability to convict on the testimony of a single witness because she indicated that she could follow the law. These arguments are not persuasive. Peremptory challenges exist to allow the parties to strike potential jurors who, while not disqualified or subject to challenge for cause, are for some reason deemed unsuitable by the challenging party. Unless racially discriminatory intent is inherent in the State's explanation, the reason offered will be deemed race-neutral. *Ford v. State*, 1 S.W.3d 691, 693-94 (Tex. Crim. App. 1999) (citing *Purkett v. Elem*, 514 U.S. 765, 769-70 (1995)).

Appellant argues that race was inherent in the State's third reason for striking the panelist because the panelist believed she had been harassed by a police officer due to her race. But the prosecutor's explanation for the strike was focused on the panelist's experience, not on the panelist's race. That the panelist attributed the alleged police mistreatment to the officer's racial animus did not render the prosecutor's peremptory challenge racially discriminatory.

Having reviewed the prosecutor's stated reasons for striking the panelist in light of the record, we do not have a firm conviction that the district court's ruling was erroneous. *See Vargas v. State*, 838 S.W.2d 552, 554 (Tex. Crim. App. 1992) (defining "clear error"). Point of error one is overruled.

In her second and third points of error, appellant urges that her post-arrest silence was used against her in violation of her federal and state constitutional rights. *See Doyle v. Ohio*, 426 U.S. 610, 618 (1976); *Sanchez v. State*, 707 S.W.2d 575, 577 (Tex. Crim. App. 1986). Appellant

3

testified on her own behalf. She explained her possession of property stolen from the complainant by saying she had found it in a dumpster. During cross-examination, the prosecutor established that appellant did not give this explanation to the police following her arrest. Appellant's failure to tell the police her exculpatory story to the police was later commented upon during the State's jury argument. Because appellant did not object to either the cross-examination or the jury argument, no error was preserved for review. *See Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996); *Banda v. State*, 890 S.W.2d 42, 62 (Tex. Crim. App. 1994). Points of error two and three are overruled.

In her last point of error, appellant contends she did not receive effective assistance of counsel at her trial. To prevail on this claim, appellant must show by a preponderance of the evidence that: (1) counsel made such serious errors that he was not functioning effectively as counsel and (2) these errors prejudiced the appellant's defense to such a degree that she was deprived of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 988 S.W.2d 770, 771-72 (Tex. Crim. App. 1999); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). We must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). To overcome this presumption, an allegation of ineffectiveness must be firmly founded in the record and the record must affirmatively demonstrate the alleged ineffectiveness. *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). Appellant points to six instances in which her trial counsel failed to object to testimony she now claims was inadmissible. We will briefly discuss each incident.

4

Appellant urges that her attorney should have objected to hearsay testimony by Officer Roger Bailey. Bailey interviewed the complainant at her friend's house shortly after she reported the robbery. He recounted Nun's description of the crime and of the robber. This conversation took place within a half-hour of the offense. Nun testified that she was crying and shaking as she drove to her friend's house. On this record, the testimony appears to have been admissible under the hearsay exception for excited utterances. Tex. R. Evid. 803(2).

Appellant asserts that her attorney should have objected to Nun's testimony regarding her emotional state after the robbery as being irrelevant. The testimony was, however, relevant to prove the allegation that appellant placed the complainant in fear of imminent bodily injury or death.

Appellant complains that her attorney failed to object when the State improperly bolstered Nun's testimony with testimony by her friend, who corroborated Nun's account of her actions and statements following the robbery. The rules of evidence do not mandate the exclusion of relevant evidence simply because it corroborates testimony of an earlier witness. *Cohn v. State*, 849 S.W.2d 817, 820 (Tex. Crim. App. 1993). Indeed, "bolstering" may no longer be a proper objection under the rules. *Id*. at 821 (Campbell, J., concurring).

Appellant contends her attorney failed to object to "back-door hearsay." Officer Mike Williams, who investigated the robbery, testified that he was informed of the discovery of the stolen property by the police officer who stopped appellant for a traffic offense. Contrary to appellant's contention, this testimony was not an attempt to convey the substance of the traffic officer's out-of-court statement or statements to Williams, but rather a description of facts Williams learned during the course of the investigation. We find no basis for a hearsay objection. Appellant further argues

that Williams's testimony was objectionable because it bolstered the testimony of the traffic officer. Our previous discussion of bolstering applies here, as well.

Finally, appellant urges that her attorney should have objected to the State's use of her post-arrest silence, as discussed in points of error two and three. Although this objection was not made, counsel did seek to address the issue in his jury argument. He suggested that appellant did not immediately explain her possession of the stolen property because she was scared of the police and knew that they would not believe her because of her criminal record. On this record, we cannot say that appellant has overcome the presumption of reasonably effective assistance by showing this one arguable mistake by counsel.

For the reasons stated, we conclude that appellant has failed to demonstrate that her attorney's representation was outside the wide range of reasonable professional assistance. Point of error four is overruled.

The judgment of conviction is affirmed.

_____

David Puryear, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed:  May 30, 2003

Do Not Publish

6