# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00146-CR

**Christopher Stoglin, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
## NO. 9014214, HONORABLE JON N. WISSER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Christopher Stoglin appeals his conviction for aggravated robbery. *See* Tex. Pen. Code Ann. § 29.03(a)(2) (West 2003). The jury found appellant guilty and the trial court assessed his punishment at forty-five years' imprisonment.

### Point of Error

In his sole point of error, appellant contends that "[t]he State impermissibly struck veniremember Billy Ray Shelby on the basis of race in violation of U.S. Const. Amend. XIV." Because neither the legal nor factual sufficiency of the evidence is challenged, we need not set out the facts of the offense to properly dispose of the sole contention on appeal. We will affirm the judgment of conviction.

***Batson***

The Equal Protection Clause of the Fourteenth Amendment prohibits race-based jury selection. *See Batson v. Kentucky*, 476 U.S. 79, 88-89 (1986). A party may not use its peremptory strikes on veniremembers in a purposeful and inappropriate manner. *Id.*; *see also* Tex. Code Crim. Proc. Ann. art. 35.261 (West 2003). In *Craig v. State*, 83 S.W.3d 451, 453 (Tex. App.—Austin 2002, pet. ref'd), this Court stated:

> The analysis used to test a *Batson* challenge consists of three steps. First, the defendant must make a prima facie showing of relevant circumstances that raise an inference that the State made a race-based strike against an eligible panelist. *Mandujano v. State*, 966 S.W.2d 816, 818 (Tex. App.—Austin 1998, pet. ref'd). Next, if a prima facie case is made, the State must come forward with a race-neutral reason for the strike. *Id.* The prosecutor's explanation must be clear and reasonably specific, and must contain legitimate reasons for the strike related to the case being tried. *Id.* Finally, once the State offers a race-neutral explanation, the burden shifts back to the defendant to persuade the trial court that the State's purported reasons for its peremptory strike are mere pretext and are in fact racially motivated. *Id.*; *Lopez v. State*, 940 S.W.2d 388, 389-90 (Tex. App.—Austin 1997), *pet. ref'd*, 954 S.W.2d 774 (Tex. Crim. App. 1997) (McCormick, P.J., dissenting to refusal of State's petition); *see also Purkett v. Elem*, 514 U.S. 765, 767, 115 S. Ct. 1769, 131 L. Ed. 2d 834 (1995); *Hernandez v. New York*, 500 U.S. 352, 359-60, 111 S. Ct. 1859, 114 L. Ed. 2d 395 (1991).

On appeal of a *Batson* challenge, a reviewing court must apply a "clear error" standard of review. *Mandujano*, 966 S.W.2d at 819; *Lopez*, 940 S.W.2d at 390 (citing *Hernandez*, 500 U.S. at 364-365). In applying this standard, we must review all of the evidence in the light most favorable to the trial court's ruling and then determine if the ruling was clearly erroneous. *See Jasper v. State*, 61 S.W.3d 413, 421-22 (Tex. Crim. App. 2001); *Ladd v. State*, 3 S.W.3d 547, 563 (Tex. Crim. App. 1999). If after reviewing all the evidence, we cannot say that the trial court's

ruling was clearly erroneous, we must uphold the trial court's ruling, even if this Court may have weighed the evidence differently if we had been the trier of fact. *Lopez*, 940 S.W.2d at 390. For this Court to conclude that the trial court's decision was clearly erroneous, this Court must be left with a definite and firm conviction that a mistake has been committed. *Vargas v. State*, 838 S.W.2d 552, 554 (Tex. Crim. App. 1992); *Craig*, 82 S.W.3d at 454.

## Discussion

In the instant case, after the parties had exercised their peremptory challenges by striking their jury lists, appellant raised a *Batson* issue. The trial court conducted a brief hearing. Appellant commenced the hearing by directly inquiring of the prosecutor as to the reason that Billy Ray Shelby, veniremember number five, was struck by the State. Appellant asserted that Shelby appeared to be an African-American. The prosecutor objected that appellant had in effect failed to sustain his burden as to the first step in the *Batson* process. The prosecutor urged that until this burden was satisfied the State was not required to give its race-neutral reasons for striking a prospective juror. A colloquy ensued, with appellant further stating that prior to the striking of the jury lists, Shelby was the only veniremember within the first thirty-two eligible "jurors" who appeared to be an African-American. Appellant also noted that Shelby had designated himself as "Black" on the jury questionnaire form.[1] These assertions were all that appellant offered to sustain his burden to make a prima facie case of discrimination. No proof was offered, no stipulation or agreement was noted, and the trial court was not asked to take judicial notice of any court records

---

[1] The jury questionnaire forms are not in this appellate record.

or other matters. No mention of appellant's race was made for the purpose of the hearing.[2] It is a matter of little consequence whether appellant satisfied his burden under the first step of the *Batson* analysis because immediately after the colloquy, the prosecutor offered his race-neutral reasons for striking Shelby.[3] When a prosecutor undertakes such action, the prima facie case requirement becomes moot. *Johnson v. State*, 68 S.W.3d 644, 649 (Tex. Crim. App. 2002); *Ladd*, 3 S.W.3d at 563 n.8; *Mandujano*, 966 S.W.2d at 819.

The prosecutor stated that he struck Shelby because Shelby, on voir dire examination, had gone into "a long dialogue" about being racially profiled and had earlier indicated that the judicial system was not fair to minorities. The prosecutor further stated that the State had struck every juror, of any race, who indicated that the judicial system was not fair to minorities.

The supporting record shows that Shelby apparently raised his hand and was acknowledged by the prosecutor, who had asked the jury panel if anyone felt that the current criminal justice system was not fair to minorities. Later, the prosecutor asked if any veniremember had had a "recent bad experience with a police officer." Shelby responded in detail, explaining that while driving an automobile he was "profiled" and "singled out" by being stopped. He was told that it was on the basis of "suspicion." After furnishing his driver's license and proof of insurance, Shelby

---

[2] The record shows that appellant was an African-American. A defendant, however, need not be of the same race as the veniremember claimed to have been strongly excluded. *See Powers v. Ohio*, 499 U.S. 400, 415-16 (1991); *Marx v. State*, 953 S.W.2d 321, 332 (Tex. App.—Austin 1997), *aff'd*, 987 S.W.2d 577 (Tex. Crim. App. 1999).

[3] The prosecutor may well have offered his reasons for striking the prospective juror in view of the trial court's remarks that appellant's assertions appeared adequate. The peremptory strike of the only remaining African-American veniremember is enough to constitute a prima facie case of discrimination based on race. *See Salazar v. State*, 795 S.W.2d 187, 193 (Tex. Crim. App. 1990); *Wardlow v. State*, 6 S.W.3d 786, 788 (Tex. App.—Austin 1999, no pet.).

reported that the officer checked on Shelby's employment, and then released him, apologizing. When Shelby inquired again why he had been stopped, the officer said the police were looking for a vehicle that resembled his automobile. Shelby did not accept this "excuse" and stated, "And I went home worrying."

In evaluating the "race-neutral" reasons given by a prosecutor who has exercised a peremptory challenge to a veniremember, an appellate court must determine whether, assuming the reasons given are true, the use of the peremptory challenge violated the Equal Protection Clause of the Fourteenth Amendment. *Hernandez*, 500 U.S. at 359. At this step, the issue is the facial validity of the prosecutor's explanation. "Unless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed neutral." *Id*. at 360. "The second step of this process does not demand an explanation that is persuasive or even plausible." *Elem*, 514 U.S. at 767-68. The focus of the inquiry is not upon the reasonableness of the asserted non-racial motive, but on the genuineness of the motive. *Id*. at 768; *Morris v. State*, 940 S.W.2d 610, 612 (Tex. Crim. App. 1996).

After a prosecutor has provided his explanation, the third step of the process shifts the burden back to the opponent of the peremptory challenge to persuade the trial court that the race-neutral explanation is merely a pretext for purposeful discrimination. *Batson*, 476 U.S. at 98; *Johnson,* 68 S.W.2d at 649. Thus, the opponent of the peremptory strike is given an opportunity to rebut the prosecutor's reasons. The burden of persuasion remains with the opponent of the peremptory strike. *Jasper*, 61 S.W.3d at 421.

Here, after the prosecutor's explanation, appellant simply argued that if it is sufficient to strike a veniremember because he has been "profiled" and does not believe the judicial system is

5

as fair "to blacks as it to whites," then it would be rare to ever have an African-American serve on a jury. This was all the rebuttal offered to show that the prosecutor's explanation was a pretext for discrimination. There was no cross-examination of the prosecutor to invalidate any of the reasons enunciated. *See Pondexter v. State*, 942 S.W.2d 577, 581 (Tex. Crim. App. 1996).

Thereafter, the trial court overruled appellant's *Batson* claim. A party's failure to offer any real rebuttal to a proffered race-neutral explanation can be fatal to his claim. *Johnson*, 68 S.W.2d at 649; *Chamberlain v. State*, 998 S.W.2d 230, 236 (Tex. Crim. App. 1999). Appellant has failed to sustain his burden of showing intentional discretion. Based on the record, we cannot say the trial court's ruling was clearly erroneous. The sole point of error is overruled.

The judgment is affirmed.

_____

John F. Onion, Jr., Justice

Before Chief Justice Law, Justices Patterson and Onion*

Affirmed

Filed: May 27, 2004

Do Not Publish

* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 1998).