# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00335-CR

**Everett Smith, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
NO. 3020816, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

A jury found appellant guilty of the felony offense of deadly conduct. *See* Tex. Pen. Code Ann. § 22.05 (West 2003). Appellant pled "true" to two enhancement allegations involving prior convictions, and the jury sentenced appellant to five and one-half years' imprisonment. In a single point of error, appellant contends that his counsel's failure to properly argue a *Batson* challenge during voir dire constituted ineffective assistance of counsel. We will affirm the judgment of conviction.

### DISCUSSION

At the end of voir dire, the State used two of its peremptory challenges to strike venirepersons Scott and Woods. Appellant's trial counsel objected on the grounds that these strikes

of African-American jurors were racially motivated and moved to have the prosecutor produce a race-neutral reason for the peremptory challenges. *See Batson v. Kentucky*, 476 U.S. 79 (1986); *Lopez v. State*, 940 S.W.2d 388, 390 (Tex. App.—Austin 1997, pet. ref'd) (when opponent of peremptory strike makes out prima facie case of racial discrimination, burden shifts to proponent of strike to articulate race-neutral explanation for peremptory challenge). Without waiting for the court to rule on whether appellant had met his initial burden of raising a prima facie case of discrimination, the prosecutor offered explanations for striking the two jurors. The trial court was then obligated to decide whether appellant had proved purposeful racial discrimination. *Ford v. State*, 1 S.W.3d 691, 693 (Tex. Crim. App. 1999). The court immediately accepted the State's explanations and overruled the *Batson* objection.[1] Defense counsel acceded to the judge's ruling without argument.

Appellant accepts that the State offered a race-neutral explanation for striking Ms. Scott but argues that the State's reason for striking Ms. Woods was erroneous. With regard to Ms. Woods, the prosecutor explained that he exercised his peremptory challenge because a review of Ms. Woods's criminal history revealed that she had a no-insurance ticket, which indicated a lack of responsibility.[2] The prosecutor further claimed that when he questioned Ms. Woods, he had to repeat his question because she was not paying attention. The prosecutor believed that Ms. Woods failed to give him a straight answer and only indicated that she agreed with what another juror had said.

---

[1] When a prosecutor offers explanations for the challenged strikes and the court rules on the ultimate question of intentional discrimination, the preliminary issue of whether appellant made a prima facie showing is moot. *Hernandez v. New York*, 500 U.S. 352, 359 (1991).

[2] Although the record does not include Ms. Woods' criminal history, the reason given by the State for striking Ms. Woods was uncontradicted at trial and facially plausible and therefore qualifies as a race-neutral explanation for the strike. *See Ford v. State*, 1 S.W.3d 691, 693-94 (Tex. Crim. App. 1999).

Appellant points out that the record of the voir dire does not support the prosecutor's statements that he had to repeat a question to Ms. Woods or that she gave any indication of not paying attention. Instead, the record shows that the prosecutor asked each juror the same question and Ms. Woods appeared to answer it as directly as other jurors around her.[3] Appellant contends, therefore, that the State failed to raise a legitimate, race-neutral explanation for its peremptory challenge of Ms. Woods.[4]

Citing to *Ford v. State*, appellant acknowledges that defense counsel's failure to rebut the State's reason for striking the prospective juror means that appellant cannot successfully pursue his *Batson* claim on the merits. *See* 1 S.W.3d at 693 (if State's explanation is uncontradicted at trial

---

[3] The prosecutor asked each venireperson to indicate what he or she felt the primary and secondary goals of the criminal justice system should be (e.g., punishment/retribution, deterrence, or rehabilitation). Ms. Woods's answers do not differ in form from the venirepersons immediately before or after her:

| | |
|---|---|
| Mr. McNelis: | Mr. Sams, 14. |
| Venireperson Sams: | Deterrence, rehabilitation. |
| | |
| Mr. McNelis: | Ms. Woods, No. 15. |
| Venireperson Woods: | Deterrence, rehabilitation. |
| | |
| Mr. McNelis: | 16, Dr. Stroud. |
| Venireperson Stroud: | Punishment, then rehabilitation. |

However, the record does not indicate Ms. Woods's tone of voice, body language or facial expressions, any of which may be used to justify a peremptory challenge. *See Chambers v. State*, 724 S.W.2d 440, 442 (Tex. App.—Houston [14th Dist.] 1987, pet. ref'd) (body language sufficient race-neutral explanation).

[4] We note that even if Ms. Woods had not received a no-insurance ticket and even if counsel proved that the prosecutor's claim that Ms. Woods had been inattentive was wrong, showing that the reason given for the strike was erroneous does not satisfy appellant's burden to prove that the reason given was a pretext for a racially motivated strike. *Ford*, 1 S.W.3d at 694.

and facially plausible, it will be upheld as race-neutral; opponent of strike has burden of persuasion at trial to show that strike was racially motivated). Rather, appellant claims that his attorney's failure to cross-examine the prosecutor or point out that the record did not support the State's proffered explanation constituted ineffective assistance of counsel.

### Standard of Review

In determining claims of ineffective assistance of counsel, Texas has adopted the two-pronged standard established by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). To prevail on a claim of ineffective assistance, an appellant must prove by a preponderance of the evidence that his counsel's performance fell below an objective standard of reasonableness as defined by prevailing professional norms. *Strickland*, 466 U.S. at 687–88. Second, appellant must prove that his counsel's deficient representation prejudiced his defense. *Id*. at 687; *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002). This means that appellant must show a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different. *Mitchell*, 68 S.W.3d at 642. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*. Absent either showing, we cannot conclude that there has been a breakdown in the adversarial process that renders the result unreliable. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

In measuring an attorney's effectiveness, any judicial review must be highly deferential to trial counsel, and we apply a strong presumption that the attorney's conduct was within the range of reasonable professional assistance. *Id*. As noted in *Strickland*, "A fair assessment of

attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time . . . ." 466 U.S. at 689. To defeat the presumption of reasonable professional assistance, the record must affirmatively demonstrate any alleged ineffectiveness. *Thompson*, 9 S.W.3d.at 814.

Any allegation of ineffectiveness must be firmly founded in the record. *See id.*; *Blevins v. State*, 18 S.W.3d 266, 271 (Tex. App.—Austin 2000, no pet.). In this case, the record is silent as to why appellant's trial counsel did not continue to press the *Batson* challenge after the trial judge overruled the objection. Appellant assumes that, given counsel's decision to object to the strikes in the first place, he could have had no reasonable trial strategy in not conducting a further inquiry into the State's explanations or providing evidence to show racial pretext. This assumption does not equal proof. Here we have only the record on direct appeal, which is undeveloped and from which we cannot discern appellant's trial counsel's strategy. It is possible that defense counsel abandoned the challenge because he received new information leading him to find Ms. Woods an undesirable juror, because it would be impossible to persuade the court that the State's reason for striking Ms. Woods was a pretext for racial discrimination, or for some other reason. The record does not show counsel's trial strategy, and this alleged error is not the type that will be evident in the record on direct appeal. This is not one of those rare cases in which the record on direct appeal adequately reflects the failing of trial counsel. *See Blevins*, 18 S.W.3d at 272.

Because the record does not affirmatively demonstrate that appellant's acts or omissions were unguided by reasonable trial strategy, appellant has not overcome the strong

presumption that the attorney's conduct was within the range of reasonable assistance. *See id*. at 814 (courts should hesitate to declare ineffective assistance based on single alleged miscalculation during what amounts to otherwise satisfactory representation, especially when record provides no indication of counsel's motivation); *Blevins*, 18 S.W.3d at 272 ("In the absence of such a record, appellant cannot in this direct appeal overcome the strong presumption that his trial counsel's strategy was reasonable from counsel's perspective at trial.").[5]

## CONCLUSION

Because, on this record, appellant cannot overcome the strong presumption that trial counsel's performance was reasonable, he cannot meet the first prong of *Strickland*, and we must therefore hold that he has not shown ineffective assistance of counsel. *See Hernandez*, 726 S.W.2d at 57. We overrule appellant's issue and affirm the district court's judgment.

_____

_____ David Puryear, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: January 27, 2005

Do Not Publish

---

[5] Our courts have consistently recognized that habeas corpus is the preferred method of raising an ineffective-assistance claim. *See Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). The general rule forbidding application for a writ of habeas corpus for issues decided on the merits on direct appeal does not apply to denials of ineffective-assistance claims based on the inadequacy of the record. *Id*.