In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00164-CR
______________________________


KENNETH WAYNE ROBERTS, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 6th Judicial District Court
Lamar County, Texas
Trial Court No. 19216


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION

          A Lamar County jury found Kenneth Wayne Roberts guilty of intoxication assault
pursuant to Tex. Pen. Code Ann. § 49.07 (Vernon 2003) and assessed punishment of
twenty years' confinement, the maximum number of years for this offense as enhanced by
a prior felony conviction. 
Factual and Procedural History
          Roberts was charged by indictment July 15, 2002, for two counts of intoxication
assault in connection with a collision that occurred February 21, 2002. At trial, the main
issue was whether Roberts was intoxicated.
          Trial began June 23, 2002. The State offered into evidence the medical records of
Roberts and one of the victims, Stephanie Cope. Without objection from defense counsel,
the trial court admitted all records under the business records exception to the rule against
hearsay. See Tex. R. Evid. 803(6). Roberts' medical records showed his blood-alcohol
content to be 0.298. 
          On appeal, Roberts contends his trial counsel was ineffective for a number of
reasons. He argues that, during defense counsel's cross-examination of State's witnesses,
particularly Officers James Blount and Matt Birch, counsel elicited testimony, not elicited
by the State, that was designed to prejudice and inflame the jury against him. Additionally,
Roberts contends, defense counsel failed to object to any testimony from Lieutenant Bob
Hundley despite the State's failure to qualify Hundley as an accident reconstruction expert. 
During Hundley's testimony regarding a bottle of vodka found in or near the ditch at the site
of the collision, Roberts contends, defense counsel's questions led to Hundley's conclusion
that the bottle was found under Roberts' truck. Finally, defense counsel failed to object to
the State's pathologist's testimony that the test results revealed Roberts had a 0.298 blood-alcohol content. This testimony, according to Roberts, demonstrated that the State failed
to establish a chain of custody necessary for admission of the results of the laboratory
tests. Roberts points to trial counsel's failure to object to the reports and to the
pathologist's testimony as two of the many aspects of trial counsel's performance that
render his assistance ineffective.
Ineffective Assistance of Counsel
          Federal and state constitutions guarantee the right to reasonably effective
assistance of counsel in a state criminal proceeding. McMann v. Richardson, 397 U.S.
759, 771 n.14 (1970); Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001). When
evaluating a claim of ineffective assistance of counsel, we employ the two-pronged test as
set out in Strickland v. Washington, 466 U.S. 668, 687 (1984). See Hernandez v. State,
726 S.W.2d 53, 54–55 (Tex. Crim. App. 1986).
          Under the Strickland-Hernandez standard, first, we must determine whether
counsel's performance fell below an objective standard of reasonableness under prevailing
professional norms. Strickland, 466 U.S. at 687. On a finding of deficient performance of
trial counsel, we must assess whether there is a reasonable probability that, but for the
deficient performance, the outcome of the proceeding would have been different. Id. A
reasonable probability is a probability sufficient to undermine confidence in the outcome. 
Id. An appellant must prove both deficiency and harm by a preponderance of the
evidence. Jackson v. State, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998). 
          Further, in order to prevail on a claim of ineffective assistance of counsel, any
allegation of ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness. Thompson v. State, 9 S.W.3d 808,
813 (Tex. Crim. App. 1999); Josey v. State, 97 S.W.3d 687, 696 (Tex. App.—Texarkana
2003, no pet.). Judicial review of a defendant's claim of ineffective assistance must be
highly deferential to trial counsel. Thompson, 9 S.W.3d at 813. We employ a strong
presumption that counsel's conduct fell within the wide range of reasonable professional
assistance. Id.; Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).
          We will not speculate about trial counsel's strategy. Blevins v. State, 18 S.W.3d
266, 271 (Tex. App.—Austin 2000, no pet.). That another attorney might have pursued a
different course of action does not necessarily indicate ineffective assistance. Harner v.
State, 997 S.W.2d 695, 704 (Tex. App.—Texarkana 1999, no pet.). The challenged
conduct will not constitute deficient performance unless the conduct was so outrageous
that no competent attorney would have engaged in it. Garcia, 57 S.W.3d at 441; see
Thompson, 9 S.W.3d at 814. "If counsel's reasons for his conduct do not appear in the
record and there is at least the possibility that the conduct could have been legitimate trial
strategy, we will defer to counsel's decisions and deny relief on an ineffective assistance
claim on direct appeal." Ortiz v. State, 93 S.W.3d 79, 88–89 (Tex. Crim. App. 2002); see
Murphy v. State, 112 S.W.3d 592, 601 (Tex. Crim. App. 2003). Simply put, when the
record before us contains no evidence of the rationale supporting trial counsel's actions,
we cannot conclude that his performance was deficient. See Mallett v. State, 65 S.W.3d
59, 64–65 (Tex. Crim. App. 2001). 
          Claims of ineffective assistance of trial counsel can be properly addressed on direct
appeal if the appellate record is sufficiently developed. Robinson v. State, 16 S.W.3d 808,
813 n.7 (Tex. Crim. App. 2000). Generally, however, the record on direct appeal will not
be sufficiently developed to show that counsel's representation was so deficient and so
lacking in tactical or strategic decision-making as to overcome the presumption that
counsel's conduct was reasonable and professional. Mallett, 65 S.W.3d at 63; Thompson,
9 S.W.3d at 813–14. The Texas Court of Criminal Appeals has explained that appellate
courts can rarely decide the issue of ineffective assistance of counsel because the record
almost never speaks to the strategic reasons trial counsel may have considered. The
proper procedure for raising this claim is, therefore, almost always an application for writ
of habeas corpus. Aldrich v. State, 104 S.W.3d 890, 896 (Tex. Crim. App. 2003). 
Nevertheless, some claims may be disposed of on direct appeal where "trial counsel's
ineffectiveness is so apparent from the record." Massaro v. United States, 538 U.S. 500,
508 (2003); Freeman v. State, 125 S.W.3d 505, 507 (Tex. Crim. App. 2003); Sessums v.
State, 129 S.W.3d 242, 247 (Tex. App.—Texarkana 2004, pet. filed).
Analysis
          Here, the record does not affirmatively demonstrate trial counsel's strategy for his
actions and inactions. It only shows us the acts or omissions made during the course of
the trial and leaves only room for speculation as to the reasons counsel may have had for
making the choices he made.
          For instance, while we recognize that, in order for the results of the laboratory test
to be admissible, the State must establish a chain of custody,


 we also note Roberts fails
to demonstrate that the State could not have established the proper chain of custody. See
Penley v. State, 2 S.W.3d 534, 537 (Tex. App.—Texarkana 1999, pet. ref'd). He only
points out that the State did not establish it. Defense counsel may have had a purpose in
not objecting. Perhaps he knew the State would be able to establish the chain of custody
on his objection. Rather than waste time and appear disruptive before the jury, counsel
may have decided to forego an objection he thought would be fruitless. At any rate, our
speculation would be immaterial since the record does not affirmatively show counsel's
reason for not objecting. See Mallett, 65 S.W.3d at 64–65. 
          We deem the record inadequate to make a fair evaluation of Roberts' claim under
Strickland. We cannot conclude from this record that Roberts satisfied the first prong of
the Strickland test. That is, the record does not demonstrate that counsel's actions fell
below an objective standard of reasonableness. Further, we cannot conclude that
counsel's performance was so outrageous that no competent attorney would have
engaged in it. Roberts has failed to overcome the strong presumption that his attorney's
performance fell within the wide range of professional representation.


 Therefore, we
overrule Roberts' point of error. 
          Accordingly, we affirm the trial court's judgment.
 
                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      June 1, 2004
Date Decided:         June 10, 2004

Do Not Publish