Ronald Paul BLEVINS, Appellant,

v.

The STATE of Texas, Appellee.

No. 03–99–00280–CR.

Court of Appeals of Texas, Austin.

April 27, 2000.

Franklyn R. Mickelsen, Broden & Mickelsen, Dallas, for appellant.

James T. Russell, Belton, for appellee.

Before Justices JONES, YEAKEL and PATTERSON.

LEE YEAKEL, Justice.

Appellant Ronald Paul Blevins appeals his conviction for aggravated sexual assault of his wife. *See* Tex. Penal Code Ann. § 22.021 (West Supp.2000).[1] A jury found appellant guilty and assessed his punishment at ninety-nine years' imprisonment. Appellant complains that: (1) the district court erred by admitting in evidence his "admission by silence," and (2) he did not have effective assistance of counsel at trial. We will affirm.

## BACKGROUND

Because appellant does not challenge the sufficiency of the evidence, only a brief recitation of the facts is needed. On May 24, 1998, in violation of a protective order issued against him, appellant, armed with a pistol, entered the family home where his wife and their two young children were sleeping. Appellant woke his wife and told her he wanted to have sex with her. She resisted his advances. Appellant then ripped the nightshirt she was wearing and forced her to sit at the kitchen table with him while he held her at gunpoint and

---

1. This statute was modified by 1999 legislation. *See* Act of June 18, 1999, 76th Leg., R.S., ch. 417, § 1, 1999 Tex. Gen. Laws 2752, 2752–53. Because the amendment does not affect this case, we will cite to the current code for convenience.

threatened to kill her. Appellant prepared a syringe filled with methamphetamine and demanded she inject herself with the drug. She refused, and appellant then took the drug himself. Appellant prepared another syringe of the drug and told her to "either pick the needle or ... pick the gun." She again resisted taking the drug. Appellant then demanded she have sex with him and began performing oral sex on her. A physical struggle ensued, and appellant gagged her with her nightshirt and injected her with the syringe of methamphetamine against her will. Throughout that evening, appellant continued to have sex with her without her consent.

The next day, appellant's wife took the two children and left the home. She called the sheriff's office and reported that appellant had raped her. Shortly thereafter, she filed for divorce. During the criminal trial, appellant testified in his own defense and maintained that the complainant took the drugs willingly and that the sex was consensual.

## DISCUSSION

### *Inadmissible Evidence*

■ By his first issue, appellant alleges that the district court erred when it admitted in evidence information that amounted to an "admission by silence." *See* Tex.R. Evid. 801(e)(2)(B); *Crestfield v. State*, 471 S.W.2d 50, 53 (Tex.Crim.App.1971). Before the criminal trial, the complainant filed for divorce. During the divorce hearing, she testified that appellant had physically assaulted her prior to the night of the rape. Although appellant was present at the hearing and had the opportunity to deny these allegations, he did not; instead,

on the advice of his criminal-defense attorney, he neither testified nor cross-examined his wife.[2]

Appellant testified at his criminal trial. On cross-examination, the State asked him whether the assault described in the divorce hearing had occurred. He denied the allegation. The State then asked appellant whether his wife testified that the assault occurred; he confirmed that she did. When the State asked if he had the opportunity to testify and refute this allegation, appellant's trial counsel objected to the question; the objection was sustained.[3] The State again asked appellant whether the complainant testified at the divorce hearing that the assault had occurred. Appellant responded affirmatively. Again, the State inquired whether appellant took the stand to deny the allegation. Appellant's trial counsel objected, and the court sustained the objection and instructed the jury to disregard.[4] Concerning the night in question, the State asked appellant whether the sex was consensual; he replied that it was. The cross-examination proceeded:

> [THE STATE]: Can I approach the witness, Judge?
>
> THE COURT: Yes, sir.
>
> [THE STATE]: I am looking at Page 23.
>
> [APPELLANT'S COUNSEL]: Excuse me, Judge. If he is going to try to impeach the witness—
>
> THE COURT: We will take it up outside the presence of the jury.
>
> [APPELLANT'S COUNSEL]:—with another statement of somebody else.

The State did not indicate to which document it was referring. The jury was excused, and the cross-examination contin-

---

**2.** Appellant represented himself in the divorce; however, according to appellant, his criminal-defense attorney was present at the hearing and gave him advice.

**3.** Appellant's counsel did not state the grounds for his objection; nor did the judge state why he sustained the objection.

**4.** Again, appellant's counsel did not state the grounds for his objection; nor did the judge state why he sustained the objection.

ued outside of their presence. Appellant was questioned about the asserted prior assault and his failure to testify or cross-examine his wife at the divorce hearing. On redirect examination, appellant's trial counsel asked him why he neither testified on his own behalf nor cross-examined her. Appellant explained that his criminal-defense attorney had advised him not to. Appellant's trial counsel then addressed the court:

> Judge, *I have no problem with asking if he asked questions or not,* but I am going to have a right, I think, to explain to the jury why. But I don't think it's proper for the State to impeach him with the statements of other witnesses. If the witness is there, they can bring her in and she can testify to whatever it is she wants to. But to stand in front of the jury and try to impeach him with isn't it true because she said it's true is not proper to use the testimony of another witness to impeach this witness. And I am going to object to that part of it. They want to get into the point about whether I advised him not to ask questions and not testify, and we will battle that out. *But I don't think it's proper to impeach a witness with a statement of another witness and I object to it on those grounds.*

(Emphasis added.) The court responded:

> Okay. What we have here is a situation where an accused person is present; somebody in the presence of an accused person makes a statement. Under ordinary circumstances, the accused person would deny it. The accused person doesn't deny it, and by virtue of his silence, you want to hold that against him.
>
> [THE STATE]: That's where we are going. It's an admission by silence, yes.
>
> THE COURT: That's where you're going.

The discussion continued, and appellant's trial counsel stated:

> I just want the Court to clarify for me what we're talking about. *I mean he didn't ask a question, and that's right, and I think that is fine;* but to imply that that—then to offer the testimony of the complaining witness in her divorce case before this jury and then to make some implication that he agrees that it's true because he didn't ask questions is what I am getting at. *The fact he didn't ask questions I have no problem* because I am going to let him explain that to the jury too about why he didn't. But the problem then becomes: this other thing, trying to say whether it might be true if you didn't ask questions. And that's what I am objecting to.

(Emphasis added.)

█ The district court overruled trial counsel's objection and allowed the State to question appellant about his wife's testimony from the divorce proceeding and the fact that appellant did not refute her testimony at that hearing. Appellant now contends that this "admission by silence" should have been excluded as hearsay, and as such, the district court erred by allowing it in evidence. However, appellant never objected at trial on hearsay grounds. He specifically objected on grounds of *impeachment.* Appellant admits that his objection "lack[ed] clarity" but urges that because the objection was understood by both the district court and the State, we should consider his issue. He directs us to *Long v. State,* 800 S.W.2d 545, 548 (Tex. Crim.App.1990), for the proposition that "even a general objection will not waive error if the complaint is obvious to the trial court and the State." Appellant reads *Long* too broadly. Long was accused of aggravated sexual assault of a child. *See Long,* 800 S.W.2d at 546. The complainant had made outcry to her mother, and Long objected to the mother's testimony as hearsay. *See id.* On appeal, he complained that "her testimony was hearsay and should not have been allowed because the trial court failed to conduct a hearing to determine whether the statement was reliable." *Id.* The court of appeals held that Long had not preserved

error because his general hearsay objection at trial was insufficient. *See id.* The court of criminal appeals disagreed, holding that, in the context of the record, with the objection coming when it did, the trial court could not have failed to comprehend Long's objection. *See id.* at 548. Here, we have a *specific* objection that was consistently repeated by appellant. Even after the district court concluded that the evidence would be an "admission by silence," which is an exception to hearsay,[5] counsel restated his objection and again confirmed that he was objecting on *impeachment* grounds. On appeal, however, appellant objects to this evidence as inadmissible *hearsay.* An error presented for review on appeal must comport with the objection raised at trial or the error is not preserved. *See Goff v. State,* 931 S.W.2d 537, 551 (Tex.Crim.App.1996); *Cantu v. State,* 994 S.W.2d 721, 732 (Tex.App.— Austin 1999, pet. granted); Tex.R.App. P. 33.1. *Long* is inapplicable.

In addition, trial counsel specifically and repeatedly said he had "no problem" with admitting the fact that appellant remained silent in the face of the accusation; rather, he objected to the *implication* of this evidence. We find this argument to be without merit. Because appellant did not present his claim to the district court, he waived the claim and has nothing to present for review. *See* Tex.R.App. P. 33.1. We therefore overrule appellant's first issue.

### Effectiveness of Counsel

 In his second issue, appellant complains that he did not have effective assistance of counsel during trial. The State argues that appellant has waived any such error on appeal because he did not present it to the district court as required by Texas Rule of Appellate Procedure 33.1(a). *See Gonzalez v. State,* 994 S.W.2d 369, 372–73 (Tex.App.—Waco 1999, no pet.). Without specifically overruling *Gonzalez,* the court of criminal appeals has

made it clear that a defendant's inaction at trial will not waive the right to make an ineffective-assistance-of-counsel claim on appeal. *See Robinson v. State,* 16 S.W.3d 808, 809–10 (citing *Randle v. State,* 847 S.W.2d 576, 580 (Tex.Crim.App.1993)). The Sixth Amendment right to effective assistance of counsel exists "to protect the fundamental right to a fair trial." *Strickland v. Washington,* 466 U.S. 668, 684, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *see Robinson,* 16 S.W.3d at 812–13. Although it does occur, it is unreasonable to expect trial counsel to argue that he himself was ineffective when, as in this case, it is trial counsel and not appellate counsel who files the motion for new trial. *See Robinson,* 16 S.W.3d 3d at 811–12 ("it would be absurd to require trial counsel to litigate his own ineffectiveness in a motion for new trial in order to preserve the claim for appeal"); *see also Ex parte Torres,* 943 S.W.2d 469, 475 (Tex.Crim.App.1997) ("mounting an ineffective assistance attack in a motion for new trial is inherently unlikely if trial counsel remains counsel during the time required to file such a motion"). "[I]n order to waive the Sixth Amendment right to counsel, the constitution requires that a defendant do so competently, voluntarily, knowingly and intelligently." *Robinson,* 16 S.W.3d at 813 n. 6 (citing *Collier v. State,* 959 S.W.2d 621, 625 (Tex.Crim.App.1997)). There is no evidence in the record that appellant affirmatively waived his right to the effective assistance of counsel. *See id.* There also was no meaningful or realistic opportunity for appellant to present his ineffective-assistance-of-counsel claim to the district court either at trial or in a motion for new trial. *See id.* We therefore will address appellant's ineffective-assistance claim.

 Appellant contends that his trial counsel was ineffective because he:

- failed to properly object to the admission of testimony concerning appellant's silence at the divorce proceeding;

---

5. *See* Tex.R. Evid. 801(e)(2)(B); *Crestfield v. State,* 471 S.W.2d 50, 53 (Tex.Crim.App. 1971).

- failed to object to extraneous offense evidence alleging appellant had beaten his wife on previous occasions;
- destroyed appellant's credibility by introducing inflammatory evidence concerning appellant's accidental poisoning of his small child with methamphetamine;
- failed to object to the prosecution's allegation that appellant fathered four children out of wedlock and to his wife's testimony concerning this allegation;
- failed to object to the prosecution's questioning appellant about his lack of stable employment history;
- failed to object to his wife's testimony concerning appellant's prior drug use;
- failed to object to his wife's testimony on rebuttal that appellant had previously raped her on several occasions;
- failed to object to prosecutorial misconduct;
- permitted the trial to degenerate into a character assassination of appellant.

We measure claims of ineffective assistance of counsel against the standard set forth by the Supreme Court of the United States in *Strickland v. Washington.*[6] Adopted by the Texas Court of Criminal Appeals in *Hernandez v. State,* 726 S.W.2d 53, 57 (Tex.Crim.App.1986), and most recently applied in *Thompson v. State,* 9 S.W.3d 808, 812 (Tex.Crim.App.1999), *Strickland* sets forth a two-pronged test that requires the defendant to show both that his counsel made serious errors and that those errors caused serious harm. *See Strickland,* 466 U.S. at 687, 104 S.Ct. 2052. First, the defendant must show that counsel's performance was deficient, that is, counsel's assistance fell below an objective standard of reasonableness. *See Thompson,* 9 S.W.3d at 812. Second, assuming the defendant has demonstrated deficient assistance, he must affirmatively show prejudice. *See id.* The defendant must show with a reasonable probability that, but for counsel's unprofessional errors, the result of the trial would have

been different. *See id.* A reasonable probability is considered a probability that is sufficient to undermine confidence in the outcome of the trial. *See id.; see also Hernandez,* 726 S.W.2d at 55. The *Strickland* test is the benchmark for judging whether counsel's conduct "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a reliable result." *Thompson,* 9 S.W.3d at 812.

 When evaluating an ineffective-assistance claim, we look at the totality of the representation and the particular circumstances of the case. *See id.* at 813; *see also Ex parte Scott,* 581 S.W.2d 181, 182 (Tex.Crim.App.1979). Any allegation of ineffectiveness must be firmly founded in the record, and the record must also affirmatively demonstrate the alleged misconduct. *See Thompson,* 9 S.W.3d at 813. Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim, and the appellate court cannot conclude the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *See id.*

 When determining if counsel's trial performance was deficient, we do not speculate about trial counsel's strategy. *See Mayhue v. State,* 969 S.W.2d 503, 510 (Tex.App.—Austin 1998, no pet.). In addition, there is a strong presumption that trial counsel's conduct was within the range of reasonable professional assistance. *See Thompson,* 9 S.W.3d at 814; *Mayhue,* 969 S.W.2d at 510. The defendant carries the burden of overcoming this presumption and is required to prove by a preponderance of evidence that counsel was ineffective. *See Thompson,* 9 S.W.3d at 814. This burden requires the defendant to bring forward a record from which we may discern that trial counsel's performance was not based on sound strategy. *See Mayhue,* 969 S.W.2d at 511 (citing *Jackson v. State,* 877 S.W.2d 768, 771–72 (Tex.Crim.App.1994)). Without an evidentiary hearing on the issue, the burden is

6. 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

difficult to meet. "Rarely will a reviewing court be provided the opportunity to make its determination on direct appeal with a record capable of providing a fair evaluation of the merits of the claim involving such a serious allegation." *Thompson*, 9 S.W.3d at 813. As the *Thompson* court noted, in the majority of cases, the record on a direct appeal is simply underdeveloped and cannot adequately reflect the failing of trial counsel. *See id.* This case is among the majority and does not prove to be one of the rare exceptions where on direct appeal the record is sufficiently developed to prove ineffective assistance of counsel.

In this case, we have no record from which we may discern trial counsel's strategy. Although appellant filed a motion for new trial, he did not address any of the alleged deficiencies that he urges now on appeal.[7] Nothing in the trial record reveals counsel's trial strategy with regard to the above-enumerated acts and omissions, which appellant alleges show the ineffectiveness of counsel's representation. In the absence of such a record, appellant cannot in this direct appeal overcome the strong presumption that his trial counsel's strategy was reasonable from counsel's perspective at trial.[8] The record before us is insufficient to support such a conclusion. *See Mayhue*, 969 S.W.2d at 511. Therefore, we overrule appellant's second issue.

## CONCLUSION

Having overruled all of appellant's issues, we affirm the district court's judgment.

---

7. Although the record indicates a hearing on the motion for new trial was scheduled, the record does not reflect whether a hearing was actually held.

8. Appellant still has recourse. The general doctrine that forbids an application for writ of habeas corpus after direct appeal does not apply to this situation, and therefore, appellant may resubmit his claim by means of an application for writ of habeas corpus. *See Thompson*, 9 S.W.3d at 814; *see also Jackson v. State*, 877 S.W.2d 768, 772 (Tex.Crim.App. 1994) (Baird, J., concurring).