TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-03-00335-CR





Everett Smith, Appellant


v.


The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT

NO. 3020816, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N




 A jury found appellant guilty of the felony offense of deadly conduct. See Tex. Pen.
Code Ann. § 22.05 (West 2003). Appellant pled "true" to two enhancement allegations involving
prior convictions, and the jury sentenced appellant to five and one-half years' imprisonment. In a
single point of error, appellant contends that his counsel's failure to properly argue a Batson
challenge during voir dire constituted ineffective assistance of counsel. We will affirm the judgment
of conviction.


DISCUSSION


 At the end of voir dire, the State used two of its peremptory challenges to strike
venirepersons Scott and Woods. Appellant's trial counsel objected on the grounds that these strikes
of African-American jurors were racially motivated and moved to have the prosecutor produce a
race-neutral reason for the peremptory challenges. See Batson v. Kentucky, 476 U.S. 79 (1986);
Lopez v. State, 940 S.W.2d 388, 390 (Tex. App.--Austin 1997, pet. ref'd) (when opponent of
peremptory strike makes out prima facie case of racial discrimination, burden shifts to proponent of
strike to articulate race-neutral explanation for peremptory challenge). Without waiting for the court
to rule on whether appellant had met his initial burden of raising a prima facie case of discrimination,
the prosecutor offered explanations for striking the two jurors. The trial court was then obligated
to decide whether appellant had proved purposeful racial discrimination. Ford v. State, 1 S.W.3d
691, 693 (Tex. Crim. App. 1999). The court immediately accepted the State's explanations and
overruled the Batson objection. (1) Defense counsel acceded to the judge's ruling without argument. 

 Appellant accepts that the State offered a race-neutral explanation for striking Ms.
Scott but argues that the State's reason for striking Ms. Woods was erroneous. With regard to Ms.
Woods, the prosecutor explained that he exercised his peremptory challenge because a review of Ms.
Woods's criminal history revealed that she had a no-insurance ticket, which indicated a lack of
responsibility. (2) The prosecutor further claimed that when he questioned Ms. Woods, he had to repeat
his question because she was not paying attention. The prosecutor believed that Ms. Woods failed
to give him a straight answer and only indicated that she agreed with what another juror had said.

 Appellant points out that the record of the voir dire does not support the prosecutor's
statements that he had to repeat a question to Ms. Woods or that she gave any indication of not
paying attention. Instead, the record shows that the prosecutor asked each juror the same question
and Ms. Woods appeared to answer it as directly as other jurors around her. (3) Appellant contends,
therefore, that the State failed to raise a legitimate, race-neutral explanation for its peremptory
challenge of Ms. Woods. (4) 

 Citing to Ford v. State, appellant acknowledges that defense counsel's failure to rebut
the State's reason for striking the prospective juror means that appellant cannot successfully pursue
his Batson claim on the merits. See 1 S.W.3d at 693 (if State's explanation is uncontradicted at trial
and facially plausible, it will be upheld as race-neutral; opponent of strike has burden of persuasion
at trial to show that strike was racially motivated). Rather, appellant claims that his attorney's failure
to cross-examine the prosecutor or point out that the record did not support the State's proffered
explanation constituted ineffective assistance of counsel.


Standard of Review

 In determining claims of ineffective assistance of counsel, Texas has adopted the two-pronged standard established by the United States Supreme Court in Strickland v. Washington, 466
U.S. 668 (1984). Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). To prevail on a
claim of ineffective assistance, an appellant must prove by a preponderance of the evidence that his
counsel's performance fell below an objective standard of reasonableness as defined by prevailing
professional norms. Strickland, 466 U.S. at 687-88. Second, appellant must prove that his counsel's
deficient representation prejudiced his defense. Id. at 687; Mitchell v. State, 68 S.W.3d 640, 642
(Tex. Crim. App. 2002). This means that appellant must show a reasonable probability that, but for
his counsel's unprofessional errors, the result of the proceeding would have been different. Mitchell,
68 S.W.3d at 642. A reasonable probability is a probability sufficient to undermine confidence in
the outcome. Id. Absent either showing, we cannot conclude that there has been a breakdown in the
adversarial process that renders the result unreliable. Thompson v. State, 9 S.W.3d 808, 813 (Tex.
Crim. App. 1999).

 In measuring an attorney's effectiveness, any judicial review must be highly
deferential to trial counsel, and we apply a strong presumption that the attorney's conduct was within
the range of reasonable professional assistance. Id. As noted in Strickland, "A fair assessment of
attorney performance requires that every effort be made to eliminate the distorting effects of
hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the
conduct from counsel's perspective at the time . . . ." 466 U.S. at 689. To defeat the presumption
of reasonable professional assistance, the record must affirmatively demonstrate any alleged
ineffectiveness. Thompson, 9 S.W.3d.at 814. 

 Any allegation of ineffectiveness must be firmly founded in the record. See id.; 
Blevins v. State, 18 S.W.3d 266, 271 (Tex. App.--Austin 2000, no pet.). In this case, the record is
silent as to why appellant's trial counsel did not continue to press the Batson challenge after the trial
judge overruled the objection. Appellant assumes that, given counsel's decision to object to the
strikes in the first place, he could have had no reasonable trial strategy in not conducting a further
inquiry into the State's explanations or providing evidence to show racial pretext. This assumption
does not equal proof. Here we have only the record on direct appeal, which is undeveloped and from
which we cannot discern appellant's trial counsel's strategy. It is possible that defense counsel
abandoned the challenge because he received new information leading him to find Ms. Woods an
undesirable juror, because it would be impossible to persuade the court that the State's reason for
striking Ms. Woods was a pretext for racial discrimination, or for some other reason. The record
does not show counsel's trial strategy, and this alleged error is not the type that will be evident in the
record on direct appeal. This is not one of those rare cases in which the record on direct appeal
adequately reflects the failing of trial counsel. See Blevins, 18 S.W.3d at 272.

 Because the record does not affirmatively demonstrate that appellant's acts or
omissions were unguided by reasonable trial strategy, appellant has not overcome the strong
presumption that the attorney's conduct was within the range of reasonable assistance. See id. at 814
(courts should hesitate to declare ineffective assistance based on single alleged miscalculation during
what amounts to otherwise satisfactory representation, especially when record provides no indication
of counsel's motivation); Blevins, 18 S.W.3d at 272 ("In the absence of such a record, appellant
cannot in this direct appeal overcome the strong presumption that his trial counsel's strategy was
reasonable from counsel's perspective at trial."). (5) 


CONCLUSION


 Because, on this record, appellant cannot overcome the strong presumption that trial
counsel's performance was reasonable, he cannot meet the first prong of Strickland, and we must
therefore hold that he has not shown ineffective assistance of counsel. See Hernandez, 726 S.W.2d
at 57. We overrule appellant's issue and affirm the district court's judgment.



 __________________________________________

 David Puryear, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: January 27, 2005

Do Not Publish
1. When a prosecutor offers explanations for the challenged strikes and the court rules on the
ultimate question of intentional discrimination, the preliminary issue of whether appellant made a
prima facie showing is moot. Hernandez v. New York, 500 U.S. 352, 359 (1991).
2. Although the record does not include Ms. Woods' criminal history, the reason given by the
State for striking Ms. Woods was uncontradicted at trial and facially plausible and therefore qualifies
as a race-neutral explanation for the strike. See Ford v. State, 1 S.W.3d 691, 693-94 (Tex. Crim.
App. 1999). 
3. The prosecutor asked each venireperson to indicate what he or she felt the primary and
secondary goals of the criminal justice system should be (e.g., punishment/retribution, deterrence,
or rehabilitation). Ms. Woods's answers do not differ in form from the venirepersons immediately
before or after her: 


Mr. McNelis: Mr. Sams, 14.

Venireperson Sams: Deterrence, rehabilitation.


Mr. McNelis: Ms. Woods, No. 15.

Venireperson Woods: Deterrence, rehabilitation.


Mr. McNelis: 16, Dr. Stroud.

Venireperson Stroud: Punishment, then rehabilitation.


However, the record does not indicate Ms. Woods's tone of voice, body language or facial
expressions, any of which may be used to justify a peremptory challenge. See Chambers v. State,
724 S.W.2d 440, 442 (Tex. App.--Houston [14th Dist.] 1987, pet. ref'd) (body language sufficient
race-neutral explanation).
4. We note that even if Ms. Woods had not received a no-insurance ticket and even if counsel
proved that the prosecutor's claim that Ms. Woods had been inattentive was wrong, showing that
the reason given for the strike was erroneous does not satisfy appellant's burden to prove that the
reason given was a pretext for a racially motivated strike. Ford, 1 S.W.3d at 694. 
5. Our courts have consistently recognized that habeas corpus is the preferred method of
raising an ineffective-assistance claim. See Thompson v. State, 9 S.W.3d 808, 814 (Tex. Crim. App.
1999). The general rule forbidding application for a writ of habeas corpus for issues decided on the
merits on direct appeal does not apply to denials of ineffective-assistance claims based on the
inadequacy of the record. Id.