NUMBER 13-04-215-CR


COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


JOSEPH PATTERSON, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 130th District Court of Matagorda County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Yañez and Castillo


Memorandum Opinion by Chief Justice Valdez


 

 Joseph Patterson was convicted by a jury of aggravated assault. Tex. Pen. Code
Ann. § 22.02 (Vernon 2003). He was fined five-thousand dollars and sentenced to ten
years in prison. Id. § 12.32. Patterson's sole issue on appeal is that he was denied
effective assistance of counsel because his trial attorney failed to request a self-defense
instruction in the court's charge to the jury. We affirm the trial court's judgment.

I. BACKGROUND

A. Factual Background

 The facts in the instant case center around a parking lot fight and who started the
fight. It is undisputed that on June 8, 2003, around 2:00 a.m., an altercation took place
between Patterson and four women in the parking lot of the Bay City Club. By Patterson's
version of the events, he was at the Bay City Club to drop off a friend, who was retrieving
a car that had been left there. The altercation began when Patterson approached a vehicle
that the four women had just parked and asked them to move their car because it was
blocking his exit. A woman from the vehicle emerged, exchanged unpleasantries with
Patterson, and hit him in the face. When Patterson pushed the woman back, a fight
ensued and quickly escalated, as several club patrons joined the fight. Patterson got hit
from behind and knocked to the ground. He felt mobbed because several people were
punching him; one individual hit him with a belt and another individual threw a bottle at him. 
During the fight, Patterson feared for his life, and although he did not remember whether
he had a knife or whether he cut someone, he admitted he could have used a knife if he
had one. 

 A second version of the fight's initiation implicates Patterson. According to this
version, the four women refused to move their car after Patterson used vulgarities in
making his request. (1) As the women walked from their car to the club, Patterson physically
taunted them by slapping the eyeglasses off one woman's face and punching another
woman "like she was a man." A fight began between Patterson and the four women. At
some point during the fight, Patterson pulled out a knife and started swinging. Charlotte
Woodberry, one of the women, suffered a cut to her lower back that caused her to faint
and required seventeen staples. After Woodberry was cut, several men from the club
physically intervened to protect the women. Mikael Taylor, one of the men who tried to
help, fought with Patterson and sustained cuts to his right hand and chest. 

 Towards the end of the fight, Patterson tried to get into his car while he was holding
Taylor by the arm. In an effort to get loose from Patterson's grip, Taylor brandished a
pistol with his free hand and fired three shots into Patterson's vehicle. Patterson then got
in his car and drove away. However, Taylor heard gunshots from Patterson's car and
several bullets landed near the parking lot. When law enforcement officers caught up with
Patterson, they found a semiautomatic handgun and three knives in his car. 

B. Procedural Background

 At trial, self-defense was mentioned several times during closing arguments by both
the prosecutors and Patterson's trial counsel. During closing arguments, Patterson's
defense attorney claimed that self-defense was not an issue because Patterson did not
recall stabbing anyone. The defense attorney suggested that with all of the chaos,
Woodberry was perhaps stabbed by someone other than Patterson. The prosecution
countered by noting that self-defense was not the issue and that the only real question
posed by the charge was whether Patterson committed the crime of aggravated assault. 
The jury convicted Patterson of aggravated assault and assessed punishment at ten years
in prison and a five-thousand dollar fine.

 On appeal, Patterson argues that his trial counsel's failure to object to the charge
that omitted a self-defense instruction constitutes ineffective assistance of counsel
because the issue of self-defense was brought up several times during trial. Patterson
highlights the testimony concerning his fear during the fight and attempt to flee as evidenct
that warranted a self-defense instruction.

II. DISCUSSION

A. Applicable Law

 We evaluate claims of ineffective assistance of counsel at both phases of a criminal
trial against the standard set forth in Strickland v. Washington. See 466 U.S. 668, 687
(1984); Hernandez v. State, 988 S.W.2d 770, 772, 774 (Tex. Crim. App. 1999) (applying
Strickland standard). In deciding a claim of ineffective assistance of counsel, we must
determine whether an attorney's performance was deficient, and if so, whether that
deficiency prejudiced the defense. Strickland, 466 U.S. at 687; Thompson v. State, 9
S.W.3d 808, 812 (Tex. Crim. App. 1999). An attorney's performance is deficient if it falls
below an objective standard of reasonableness. Strickland, 466 U.S. at 688; Thompson,
9 S.W.3d at 812.

 Deficient performance is prejudicial when, but for the attorney's unprofessional
conduct, there is a reasonable probability that the outcome of the proceeding would have
been different. Strickland, 466 U.S. at 694; Thompson, 9 S.W.3d at 812. A reasonable
probability is a probability that is sufficient to undermine confidence in the outcome. 
Strickland, 466 U.S. at 694; Thompson, 9 S.W.3d at 812. Absent both showings, we
cannot conclude that there was a breakdown in the adversarial process that rendered the
result of a trial unreliable. Thompson, 9 S.W.3d at 813.

 In determining whether an attorney's performance was deficient, we apply a strong
presumption that the attorney's conduct was within the range of reasonable professional
assistance. Id. at 814. We do not speculate about an attorney's strategy. Blevins v. State,
18 S.W.3d 266, 271 (Tex. App.-Austin 2000, no pet.); see also Moore v. Johnson, 194
F.3d 586, 604 (5th Cir. 1999) (finding that courts are not "required to condone
unreasonable decisions parading under the umbrella of strategy, or to fabricate tactical
decisions on behalf of counsel when it appears on the face of the record that counsel
made no strategic decision at all"). We review the effectiveness of counsel in light of the
totality of the representation and particular circumstances of each case. Thompson, 9
S.W.3d at 813.

 "[A]ny allegation of ineffectiveness must be firmly founded in the record, and the
record must affirmatively demonstrate the alleged ineffectiveness." Id. at 814 (citing
McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)). The appellant bears
the burden of overcoming the presumption of reasonable attorney performance and is
required to prove by a preponderance of the evidence that his counsel was ineffective. 
Blevins, 18 S.W.3d at 271; Mayhue v. State, 969 S.W.2d 503, 511 (Tex. App.-Austin
1998, no pet.). Therefore, the appellant must produce a record from which we may discern
that his attorney's performance was not based on sound trial strategy. Blevins, 18 S.W.3d
at 271. Ineffective assistance of counsel claims may be reviewed on direct appeal only
when "no reasonable trial strategy could justify the trial counsel's conduct, [thus] counsel's
performance falls below an objective standard of reasonableness as a matter of law,
regardless of whether the record adequately reflects the trial counsel's subjective reasons
for acting as she did." Andrews v. State, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005). 

B. Analysis

 Patterson contends that his version of events entitled him to a self-defense
instructions and that his trial counsel's failure to object to the jury charge because it lacked
a self-defense instruction amounts to ineffective assistance of counsel. Pursuant to
sections 9.31(a) and 9.32 of the Texas Penal Code, a defendant is entitled to a jury charge
that includes an instruction on the justification defense of self-defense with deadly force
if a person is justified in using force against another when and to the degree that he
reasonably believes that the deadly force is immediately necessary to protect himself
against the other's use or attempted use of unlawful deadly force and if a reasonable
person in the actor's situation would not have retreated. See Tex. Pen. Code Ann. § §
9.31(a), 9.32 (Vernon 2003).

 According to Patterson, one of the four women in the car hit him. After the initial hit,
Patterson was attacked by a number of people. The fight was very chaotic and he was
knocked on the ground, punched and kicked, hit with a belt and a bottle, and attempted to
flee. While Patterson did not recall pulling out a knife, he feared for his life and could have
used one if he had one. Therefore, Patterson contends that he did not initiate the original
assault, attempted to flee, and possibly used a knife in self-defense. 

 Even if Patterson's testimony could have supported a self-defense charge, it also
supports his claim that he did not commit the aggravated assault. Based on the record,
it appears that Patterson's trial attorney opted to present a case for innocence on the
aggravated assault charge rather than presenting a self-defense theory. Given that (1)
Patterson did not testify that he used a knife during the fight, (2) the fight, in Patterson's
eyes, was so chaotic and violent that another individual could have stabbed Woodberry,
and (3) there was conflicting testimony regarding whether Patterson was the initial
aggressor, the trial attorney's strategy of presenting a case for innocence, undiluted by a
self-defense theory, was within an objective standard of reasonableness. See McAdams
v. State, No. 01-04-00204-CR, 2004 Tex. App. LEXIS 8982 at 10*(Tex. App.-Houston [1st]
Dist. October 7, 2004, no pet.) ("trial attorney could reasonably have believed that
proceeding solely with a defense of accident was a better strategy than asserting both
accident and self-defense, which the jury could have perceived as inconsistent."). 
Patterson has not overcome the presumption that the challenged action might be
considered sound trial strategy under the circumstances. See Strickland, 466 U.S. at 689. 
His sole issue is overruled.

III. CONCLUSION

 The judgment of the trial court is affirmed.


 _______________________

 ROGELIO VALDEZ

 Chief Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed 

this the 9th day of November, 2006.
1. There is testimony that Patterson told the four women that he was going into the club to beat up
somebody and did not want their car blocking his exit.