# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00419-CR

**Mario Castruita, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 65079, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Mario Castruita was charged with possession of methamphetamine in the amount of more than one, but less than four grams. *See* Tex. Penal Code Ann. § 481.115(c) (West 2010). This was enhanced by a prior conviction for possession of a controlled substance of more than four grams but under 200 grams with intent to deliver. Appellant waived his right to a jury trial and pleaded guilty to the charge without a plea bargain. He also affirmed that the previous conviction was true. The trial court found the evidence sufficient to find him guilty and found the previous conviction true. In a separate sentencing hearing, no witnesses were called by either appellant or the State, and the trial court sentenced appellant to twelve years' imprisonment with 348 days credit. Appellant filed a motion for new trial, asserting that trial counsel was ineffective because he did not call witnesses in the punishment phase of his trial. The trial court held a hearing on the motion and denied the motion. On appeal, appellant contends that trial counsel was ineffective

and that the trial court abused its discretion in overruling his motion for new trial. We will affirm the trial court's judgment.

## BACKGROUND

On June 15, 2009, Harker Heights Police officers entered into the back room of the Ultimate Sports Bar and observed appellant seated at a table with a waitress. One officer observed appellant rolling a five dollar bill into the shape of a straw and also saw a line of a crystal substance on the table and in a clear plastic baggie. The substance was later identified as methamphetamine. Appellant told another officer that the methamphetamine was his and that he was planning to share it with the waitress. Appellant was arrested and again admitted the methamphetamine was his. On appeal, appellant asserts that he received ineffective assistance of counsel at trial because his attorney did not call witnesses to testify to his good character, the burden on his family if he were incarcerated, the loss of companionship to his son, and his desire for treatment for his drug and alcohol addiction.

## STANDARD OF REVIEW

To show ineffective assistance of counsel, a defendant must show both that his counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced the defendant's case. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); *Blevins v. State*, 18 S.W.3d 266, 271 (Tex. App.—Austin 2000, no pet.). The defendant bears the burden of (1) overcoming a strong presumption that his counsel's performance fell within the range of reasonable professional assistance

2

and (2) bringing forth a record showing that his counsel's performance was not based on sound trial strategy. *Thompson*, 9 S.W.3d at 813; *Blevins*, 18 S.W.3d at 271. We evaluate trial counsel's effectiveness from his perspective at trial, not in hindsight, and we consider the representation in its totality, rather than focusing solely on isolated acts or omissions. *Mayhue v. State*, 969 S.W.2d 503, 510 (Tex. App.—Austin 1998, no pet.). We "must not second-guess legitimate strategic or tactical decisions made by trial counsel" and instead must yield to a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. *State v. Morales*, 253 S.W.3d 686, 696 (Tex. Crim. App. 2008). Therefore, unless the record is sufficient to show that counsel's conduct was not the product of a strategic or tactical decision, we will presume that counsel's performance was constitutionally adequate unless his conduct was so outrageous that no competent attorney would have acted similarly. *Id.* at 696-97 (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)).

**DISCUSSION**

Appellant's motion for new trial was heard and denied by the trial court. During the hearing on his motion for new trial, appellant noted that trial counsel did not call any character witnesses at the punishment phase of the trial and alleged that this failure to call witnesses was not based on any reasonable trial strategy. Appellant called three witnesses during the hearing on his motion for new trial to testify regarding information they could have offered during the punishment phase of the trial. Appellant first called Allen Mueller, who testified that he had an advanced degree in theology from Grace Theological Seminary and had been working for J.A.I.L. Ministries as a volunteer for ten years. He stated that he had conferred with appellant once a week for the past eight

3

months at a theology course that he holds at the jail two nights a week. He also testified that appellant seemed sincere when asking questions and was pleasant while attending class. Mueller stated that he was present at the punishment hearing and willing to testify.

Appellant next called Irene Martinez, his common-law wife, who was married to him for thirteen years. She said that she was present and willing to testify at the sentencing hearing and would have told the trial court that her son needed his father at home for companionship and that the family needed appellant for financial assistance. She added that appellant's incarceration would burden the family and that appellant would be better served on an outpatient basis.

The last witness called was Azailia Lucero, appellant's niece, who testified that appellant was good to her and that she felt safe around him. She hoped appellant would be able to receive outpatient treatment rather than incarceration so that he could set a better example for her. She was also present at the sentencing hearing and willing to testify.

At the hearing on appellant's motion for new trial, appellant's trial counsel, Jon McDurmitt, testified that he had ensured that the family and friends of appellant were present during the trial to show their support to the court. During the sentencing hearing, McDurmitt pointed out to the court that appellant's family, friends, former wife, and a member of J.A.I.L. Ministries were all present in support of appellant. McDurmitt stated it was possible that appellant had asked him to call these witnesses. However, he did not want to call the witnesses because they could then be cross-examined by the State, potentially causing further harm to appellant. McDurmitt said he chose not to call these witnesses as a trial strategy because his experience as a criminal defense attorney, particularly with the trial court judge presiding and the prosecutor

4

handling the case, has shown him that if a client has a criminal history, the State will highlight the history while cross-examining the defendant's witnesses. Appellant had a record of "at least one felony and some misdemeanors," according to McDurmitt, which could have been emphasized during cross-examination. He also did not want to risk having the State bring out any aggravating factors of the offense that would have supported an allegation of possession with intent to deliver and could have influenced the trial court in its assessment of punishment. Instead of discussing appellant's good character with the potential witnesses, McDurmitt chose an alternate trial strategy of focusing on appellant's need for treatment and showing that he had support. McDurmitt further testified that he did not think Mueller's testimony would help appellant's case because appellant's religious commitment was already stated in the presentence investigation report (PSR) provided to the trial court.[1]

To obtain relief on an ineffective assistance of counsel claim based on an uncalled witness, the defendant must show the witness was available to testify and that the testimony would have been of some benefit to his defense. *Ex parte White*, 160 S.W.3d 46, 52 (Tex. Crim. App. 2004). In this case, appellant has shown that he did have at least three witnesses who were available and willing to testify to his character. However, while it is possible that their testimony may have had some benefit to appellant's defense, it is also possible that the testimony would have harmed appellant's defense during cross-examination. Further, McDurmitt made a tactical decision not to call Mueller to testify because anything Mueller could add was already in the PSR. McDurmitt's

---

[1] The appellate record refers to the PSR; however, the actual PSR was not included in the appellate record.

strategy not to call these witnesses prevented the State from having the opportunity to highlight appellant's criminal history. It also prevented the State from introducing evidence of intent to deliver, through evidence that appellant intended to provide the waitress at the bar with methamphetamine, which could have led the trial court to assess a greater sentence. When in counsel's reasonable judgment, a potential witness may be as dangerous as he or she might be helpful, it is not ineffective assistance of counsel not to call the witness to the stand. *Damian v. State*, 881 S.W.2d 102, 110 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd) (citing *Johnston v. State*, 750 F.Supp. 236, 238 (S.D. Tex. 1990)).

The fact that McDurmitt could have chosen a different trial strategy is not enough to show that his assistance was ineffective. *See id*. A claim of ineffective assistance requires a defendant to show that counsel's performance was deficient and that the deficient performance prejudiced the defendant's case. *Strickland*, 466 U.S. at 687; *Thompson*, 9 S.W.3d at 812; *Blevins*, 18 S.W.3d at 271. In this case, appellant has failed to show that McDurmitt's conduct was not the product of a strategic or tactical decision and has only demonstrated that an alternate trial strategy could have been chosen. Instead of calling the potential witnesses to the stand, McDurmitt chose the strategy of using the presence of the potential witnesses to demonstrate to the court that appellant had support from family and friends in the community, avoiding the risk of introducing any potentially harmful evidence. McDurmitt's decision not to call any witnesses in this case was a sound trial strategy, and appellant did not meet the heavy burden of overcoming the strong presumption that McDurmitt's performance fell within the range of reasonable professional assistance. *See Thompson*, 9 S.W.3d at 813; *Blevins*, 18 S.W.3d at 271.

6

Appellant further alleges that McDurmitt was ineffective as counsel because he did not attempt to correct a discrepancy in the PSR that may have left the trial court with the impression that appellant was shifting the blame to someone other than himself. The PSR incorrectly stated that the controlled substance was provided to appellant by a girl at the bar, when in fact, appellant brought the substance to the bar. McDurmitt testified that he knew the PSR may have been incorrect because he reviewed the police reports and recordings in which appellant admitted that the substance was his. However, McDurmitt failed to correct this error in court because he believed the information would harm appellant's case. Appellant asserted that this was not a sound trial strategy and that McDurmitt should have corrected this error. If McDurmitt knew that the information in the PSR was incorrect and neglected to correct it, such conduct would not be reasonable professional assistance. However, even if that fact were established, appellant is required to show that counsel's performance prejudiced appellant's case. *See Strickland*, 466 U.S. at 687; *Thompson*, 9 S.W.3d at 812; *Blevins*, 18 S.W.3d at 271. Appellant simply asserts that this act gave the trial court the impression that appellant was shifting blame to another. Appellant has failed to show that the case was prejudiced by this act.

## CONCLUSION

In summary, appellant did not meet his burden of showing that trial counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced appellant's case. *See Strickland*, 466 U.S. at 687. Appellant demonstrated only that an alternate trial strategy could have been chosen by counsel, but this is not enough to find ineffective assistance of counsel. Nor did he show that the testimony of the witnesses available to testify would

7

have been of some benefit to his defense. *See White*, 160 S.W.3d at 52. The testimony had the potential to cause harm to appellant's case, and McDurmitt's decision not to call the witnesses to testify was a product of sound trial strategy. Finally, even assuming counsel should have corrected the inaccuracy in the PSR, that one error, viewed in the context of counsel's overall representation, does not render counsel's performance as a whole ineffective. *See Thompson*, 9 S.W.3d at 813; *Blevins*, 18 S.W.3d at 271; *Mayhue*, 969 S.W.2d at 510. We overrule appellant's complaint on appeal and affirm the trial court's judgment.

_____

David Puryear, Justice

Before Justices Puryear, Rose, and Goodwin

Affirmed

Filed: July 12, 2012

Do Not Publish